C. O. PORTER MACHINERY COMPANY v. COLEMAN.

1. BAILMENT—CONTRIBUTORY NEGLIGENCE OF OWNER—EVIDENCE.
    Finding of trial court in nonjury case that plaintiff was negligent in failing to secure removable parts of heavy machine before having it moved a distance of 7 blocks by defendant, a person experienced in moving heavy machinery, *held,* not supported in record presented, it appearing defendant, through his employees, accepted the machine for transportation and was charged with notice of its condition.

2. SAME—MOVING OF HEAVY GRINDER.
    Contractual relation, entered into between owner of a grinding machine weighing upwards of a ton with person who handled and moved heavy machinery, for moving grinder a distance of 7 blocks, resulted in a bailment.

3. SAME—NEGLIGENCE—BAILEE FOR HIRE.
    A bailee, hired to move a grinder weighing upwards of a ton, is not an insurer of the safety of the bailed property but was bound to bestow upon such machinery the degree of care which its known nature and intrinsic value demanded.

4. SAME—INSUFFICIENCY OF PERFORMANCE—FAILURE TO FOLLOW INSTRUCTIONS.
    A bailee for hire, engaged to perform service upon goods, is liable for an insufficiency of performance or for loss or injury resulting from a failure to pursue any instructions given, ex-

---

REFERENCES FOR POINTS IN HEADNOTES
[3] 6 Am Jur, Bailments, § 242.
[4] 6 Am Jur, Bailments, § 226.
[6] 38 Am Jur, Negligence, § 295.
[6, 7] *Res ipsa loquitur* distinguished from characterization of a known condition as negligence, and from the establishment of negligence by specific circumstance. 141 ALR 1016.
[7] 38 Am Jur, Negligence, § 333.
[10] 3 Am Jur, Appeal and Error, §§ 1233, 1237.

pressly or impliedly, with relation to the subject matter of the bailment.

5. Negligence—Automobiles—Heavy Machinery.

Due care is assumed to have been exercised in operation of truck, used by defendant for moving heavy machinery for plaintiff, in the absence of testimony as to the manner in which the truck was operated.

6. Same—Res Ipsa Loquitur.

The mere happening of an accident and resulting damage is not in and of itself evidence of negligence as the doctrine of *res ipsa loquitur* is not recognized in this State.

7. Same—Circumstantial Evidence—Conjecture—Inferences.

Negligence may be established by circumstantial evidence and if proofs take a case out of the realm of conjecture into the field of legitimate inferences from established facts a prima facie case is made.

8. Bailment—Negligence—Warning—Moving Heavy Machinery.

Failure to properly safeguard portion of heavy grinder so that it could not work loose from base of the machine while it was being transported by defendant mover constituted negligence on his part, especially where it appears his employees were warned of the necessity for taking particular precaution.

9. Same—Negligence—Findings of Trial Court—Evidence.

Record in nonjury case against bailee *held,* not to support finding of trial court that injury to the bailed property was due to plaintiff's negligence and to require finding it was due to defendant's negligence.

10. Appeal and Error—Remand after Reversal—Judgment for Plaintiff—Damages.

Judgment for damages to injured property, the subject of a bailment, is ordered entered for plaintiff on remand after reversal of judgment for defendant, where the amount is not in dispute and record shows plaintiff entitled to judgment in amount claimed; plaintiff being entitled to costs in both courts.

Appeal from Kent; Brown (William B.), J., presiding. Submitted October 3, 1950. (Docket No. 6, Calendar No. 44,724.) Decided December 5, 1950.

Case by C. O. Porter Machinery Company, a Michigan corporation, against James Coleman, individu-

ally and doing business as J. Coleman Machinery Movers, for damages sustained in negligent moving of machine. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Dilley & Dilley,* for plaintiff.

*Robert P. Scholte,* for defendant.

CARR, J. The plaintiff in this case now is, and for some time past has been, engaged at Grand Rapids, Michigan, in the business of designing and manufacturing metal products. In the month of February, 1947, it contracted with defendant to move a machine from plaintiff's principal place of business a distance of approximately 7 blocks to a location on Muskegon avenue. The machine in question is described as a Brown & Sharpe grinder. It was approximately 6 feet in height, 4 feet in length, and 4 feet in width at the base. It weighed in excess of a ton. The top of the machine was a long narrow table running across the entire front and extending over on each side, upon which certain working parts were mounted. The weight of the table was approximately 240 pounds. It was designed to slide back and forth on the base along its entire length, in a groove about 1¼ inches in depth. The range of movement was subject to control by the use of so-called locks or metal stops, but it was held in position on the machine solely by its own weight.

At the time in question defendant was engaged in the business of handling and moving heavy machinery. He had on prior occasions moved equipment for the plaintiff. In the carrying on of such work he had experience and skill. Following a request from plaintiff to move the Brown & Sharpe grinder, defendant went to plaintiff's place of business and his

attention was called to the machine. Apparently, however, he did not make an examination of it. It was his claim on the trial that he was told by plaintiff's employees that it was ready to be moved. Thereafter defendant sent 2 of his employees with a truck to transport the grinder to the location on Muskegon avenue. The grinder was removed from skids where it was located, placed on the truck, and defendant's employees departed with it. A short time later defendant called plaintiff and advised one of its foremen that the table on the top of the grinder had vibrated off the top of the machine to the bed of the truck while being transported, and then had bounced from the truck to the street. This information was, it appears, based on a report made to defendant by one of his employees. As a result the table was seriously damaged. On the trial of the case defendant did not question the accuracy of the information given to him. In advising plaintiff as to the occurrence he assumed that the damage to plaintiff's equipment happened in the manner stated.

Plaintiff instituted the present action to recover the cost of repairing its machine, giving credit to defendant for the sum of $76.75 which was the amount of his bill for moving the grinder. It is not disputed that the total cost of the necessary repair work was $987.91. Plaintiff sought judgment for the difference between that amount and defendant's bill, or $911.16, on the theory that defendant was guilty of negligence in not exercising proper precautions to prevent the table slipping from the base of the machine while it was being transported in his truck.

The case was heard before the court without a jury. The trial judge came to the conclusion, after listening to the testimony and the arguments of counsel, that plaintiff had failed to show negligence on the part of defendant or his employees, and that

the injury to the equipment occurred because of the failure on the part of plaintiff to properly prepare the grinder for removal to the Muskegon avenue location. From the judgment entered plaintiff has appealed, claiming that the trial judge was in error in his findings and that it was entitled to judgment on the basis of undisputed testimony in the case.

The machine in question was purchased by plaintiff approximately 4 months before it was damaged, and was transported from Detroit to Grand Rapids by truck. When received, the table was secured to the base by steel bands approximately 3/4 of an inch wide. These bands were removed by plaintiff's employees, and the machine, while not operated in plaintiff's main plant, was gone over by its employees in order to insure that it would be in operating condition when necessity for its use arose. The steel bands were not replaced. The opinion of the trial judge indicates that he considered that plaintiff was negligent in not preparing it for transportation by defendant by restoring it to the condition in which it was when moved from Detroit to Grand Rapids. The testimony in the case does not justify such conclusion. The defendant, admittedly skilled in the moving of such machinery, testified that the use of the bands was not necessary and that such bands were designed for protection of a more permanent nature than was required in the instant case. He stated further than an ordinary wire, approximately 1/16 of an inch in diameter, would have been sufficient to secure the table, and that if he had known that the table could be lifted from the base, he would have caused it to be wired. He claimed in substance that, although he had previously seen a number of Brown & Sharpe grinders, he did not know that the table was held in place merely by its own weight. It is a fair inference from the testimony that, as

before noted, he did not personally make an inspection or examination of the plaintiff's machine.

Plaintiff's witness Sanzi, a shop foreman, testified that he was present when defendant's employees came to plaintiff's plant to remove the grinder, that he said to them at the time that the table might fall off and that they "should be careful about it," and that in substance, as the witness recalled, the reply was made that "We will take care of that." This testimony was corroborated by another witness, also an employee of plaintiff, who testified that Sanzi said in substance, "Watch the top of the machine; it's loose," and that defendant's employees answered in effect that they knew about it. The testimony of these 2 witnesses was not disputed on the trial. Defendant testified in his own behalf but did not call other witnesses. It thus appears from the record that the employees entrusted by the defendant with the duty of transporting the grinder were specifically informed that the table was loose and that precautions should be taken to prevent its slipping from the base. Defendant through his employees accepted the machine for transportation, charged with notice of its condition.

It is the claim of the plaintiff that it relied on the special skill and experience of the defendant as a mover of heavy equipment, and that, as in prior transactions between the parties, it had assumed that he would take proper precautions to safeguard against damage resulting from the ordinary hazards of the method of transportation employed. It is conceded that the contractual relation between the parties created a bailment. Defendant was not an insurer of the safety of the bailed property. It was, however, his duty, as stated in *Berry* v. *Cadillac Storage Co.,* 259 Mich 104, 109, "to bestow upon the goods included in the contract that degree of care

which their known nature and instrinsic value demanded." See, also, 8 CJS, p 281, where it is said:

"Where the nature of the bailment is such that duties or services are to be performed by the bailee, it is his duty to exercise diligence in the performance of such duties and services, and a right of action accrues to the bailor where the services to be performed by the bailee have not been sufficiently performed. The bailee must pursue any instructions given, expressly or impliedly, with relation to the subject matter of the bailment, or he will be liable in the event of loss or injury resulting from a nonperformance. * * *

"Where skill as well as care is required in performing the undertaking, if the bailee purports to have skill in the business he must be understood to have engaged to use a degree of skill adequate to the due performance of his undertaking."

On behalf of defendant it is argued that plaintiff failed to establish negligence in the operation of the truck, resulting in the damage to plaintiff's machine. There is no testimony as to the manner in which the truck was operated. It must be assumed, therefore, that due care was exercised in that respect. No claim is made, however, that any precautions were taken by defendant's employees to prevent the table from slipping from the base of the machine, either by securing it by wires or by manually holding it in position while transporting it. The mere happening of an accident and resulting damage is not in and of itself evidence of negligence. The doctrine of *res ipsa loquitur* is not recognized in Michigan. However, it has been repeatedly held that negligence may be established by circumstantial evidence, and that if the proofs are such as to take a case out of the realm of conjecture into the field of legitimate inference from established facts a prima facie case is made. *Alpern* v. *Churchill,*

53 Mich 607; *Barnowsky* v. *Helson,* 89 Mich 523 (15 LRA 33); *Bacon* v. *Snashall,* 238 Mich 457; *Eaton* v. *Consumers Power Co.,* 256 Mich 549.

In the case at bar the inference cannot be avoided that if the table had been properly secured it could not have slipped or fallen from the base. Failure to properly safeguard it, particularly in view of the warning given to defendant's employees by plaintiff's foreman, was negligence. The duty to exercise proper precautions rested on defendant. We are not in accord with the conclusion of the trial judge that, under the proofs in this case, plaintiff was at fault.

It has been repeatedly recognized by this Court that in a case heard by the trial judge without a jury a judgment based on findings of facts will not be reversed unless the evidence clearly preponderates in the opposite direction. *Vannett* v. *Michigan Public Service Co.,* 289 Mich 212; *Shaver* v. *Associated Truck Lines,* 322 Mich 323. Our analysis of the record in the instant case brings us to the conclusion that the findings of the trial judge with reference to the negligence of the parties were erroneous. Such being the case, the judgment entered must be reversed. *Fruit Growers Package Co.* v. *Anderson,* 323 Mich 169.

Under the proofs plaintiff is entitled to a judgment in the amount claimed by it. The cost of repairing the grinder is not in dispute. The case is remanded to the trial court with directions to set aside the judgment and to enter judgment for the plaintiff in the sum of $911.16. Plaintiff is entitled to costs of both courts.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.