SOLTAR *v.* ANDERSON.

1. NEGLIGENCE—EVIDENCE—INFERENCE—CONJECTURE.
    Negligence, when relied on, must be proved and may be inferred from facts proved, but never from mere conjecture.

2. SAME—CIRCUMSTANTIAL EVIDENCE—CONJECTURE—INFERENCE. .
    Negligence may be established by circumstantial evidence and a prima facie case is made if the proofs are such as to take a case out of the realm of conjecture into the field of legitimate inference from established facts.

3. APPEAL AND ERROR—INSTRUCTIONS—MISCARRIAGE OF JUSTICE—REVERSAL FOR PREJUDICE.
    The statute providing that no judgment or verdict shall be reversed or a new trial granted on the ground of misdirection of the jury unless it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice is ineffective to change the rule that the question of reversal is controlled by determination of whether the error was prejudicial (CL 1948, § 650.28).

4. AUTOMOBILES—NEGLIGENCE—INSTRUCTIONS—INFERENCES.
    It was prejudicial error for the trial court in instructing the jury to deny plaintiff motorist the benefit of inferences from established facts relating to question of fact as to negligence of defendant motorist in failing to make and maintain a reasonable and proper lookout for plaintiff's approaching automobile, to observe it, and on the basis of such observation, to form and act upon judgments as an ordinary, reasonable, prudent and careful person would have done under the same or similar circumstances.

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 290.
[2] 38 Am Jur, Negligence § 333.
[3] 3 Am Jur, Appeal and Error § 1111.
[4, 5] 5 Am Jur, Automobiles § 736.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSTRUCTIONS.
    Claimed errors in court's instructions as to plaintiff's speed or
    concerning defendant's gross or subsequent negligence and
    other claims of error not likely to occur again on retrial are
    not discussed, where case is reversed on prejudicial error in
    instructions as to proof of negligence.

Appeal from Livingston; Lyons (Willis L.), J. Submitted June 18, 1954. (Docket No. 56, Calendar No. 46,017.) Decided September 8, 1954.

Case by Norman D. Soltar against Harold Anderson for damages for personal injuries resulting from automobile collision. Verdict and judgment of no cause for action. Plaintiff appeals. Reversed and new trial granted.

*Harold Goodman,* for plaintiff.

*Stanley Berriman,* for defendant.

DETHMERS, J. Plaintiff appeals from judgment for defendant on a jury verdict of no cause for action returned in his suit for damages resulting from an automobile collision. Assignments of error go solely to the court's instructions to the jury and refusal to charge as requested.

The court instructed the jury that, "Negligence must be proven as an established fact and cannot be inferred." This was error. *Alpern* v. *Churchill,* 53 Mich 607; *Mirabile* v. *Simon J. Murphy Co.,* 169 Mich 522; *Dyer* v. *People's Ice Co.,* 188 Mich 203; *Brown* v. *Arnold,* 303 Mich 616; *Winchester* v. *Chabut,* 321 Mich 114; *Lepley* v. *Bryant,* 336 Mich 224. Defendant urges the correctness of the instruction on the authority of *King* v. *Nicholson Transit Co.,* 329 Mich 586. We did not hold there that negligence may not be inferred from facts proved, but only that a verdict must not rest upon conjecture or guess. The distinction was recognized in *Hewitt*

v. *Flint & Pere Marquette R. Co.,* 67 Mich·61, where we said (p 72):

"Negligence, when relied upon, must be proved. It may be inferred from facts proved, but never from mere conjecture."

The rule was also well stated in *Porter Machinery Co.* v. *Coleman,* 329 Mich 8, as follows:

"It has been repeatedly held that negligence may be established by circumstantial evidence, and that if the proofs are such as to take a case out of the realm of conjecture into the field of legitimate inference from established facts a prima facie case is made. *Alpern* v. *Churchill,* 53 Mich 607; *Barnowsky* v. *Helson,* 89 Mich 523 (15 LRA 33); *Bacon* v. *Snashall,* 238 Mich 457; *Eaton* v. *Consumers Power Co.,* 256 Mich 549."

It is defendant's further position that if there was error in the instruction it should not result in reversal under the provision of CL 1948, § 650.28 (Stat Ann 1943 Rev § 27.2618) that, "No judgment or verdict shall be set aside or reversed, or a new trial be granted * * * on the ground of misdirection of the jury unless * * * it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice," defendant contending that an examination of the entire cause discloses the verdict to be in accord with justice. The statute is ineffective to change the rule always in effect in Michigan, both before and after the enactment, that the question of reversal is controlled by determination of whether the error was prejudicial. For cases so holding despite the existence of the statute at the time, see *Kemp* v. *Aldrich,* 286 Mich 715, and *Germiquet* v. *Hubbard,* 327 Mich 225.

Was the error prejudicial, requiring reversal? The essence of plaintiff's charge of negligence on the part of defendant's driver was that he failed to

make and maintain a reasonable and proper lookout for plaintiff's approaching automobile, to observe it, and, on the basis of such observation, to form and act upon judgments as an ordinary, reasonable, prudent and careful person would have done under the same or similar circumstances. Defendant and his driver testified that the latter did make such observation and judgment. As is so frequently true in these cases, the plaintiff could not, short of an admission by defendant or his driver, and did not produce direct eyewitness testimony that defendant's driver failed to make proper observation or give heed to what was there plainly to be seen. Whether he did or not, and, accordingly, whether he was guilty of negligence, presented a question of fact for the jury. Its determination thereof needed to rest on the inferences to be drawn by it from what it first found to be the established facts as to what defendant's driver actually did or failed to do in the operation of his motor vehicle. To deprive plaintiff of the benefit of such inferences was to deny him the only available proofs of negligence. Accordingly, the error complained of was prejudicial to plaintiff and requires reversal.

In view of this determination, we deem it unnecessary to pass on plaintiff's claims of error in instructions concerning plaintiff's speed, as to which we think the instructions taken as a whole properly stated the law, or in failure to instruct adequately concerning defendant's gross or subsequent negligence, which we do not think was shown to exist in this case, or other claims of error, which are without merit or relate to matters unlikely to occur again on retrial.

Reversed with new trial and costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.