PEOPLE *v* ROBINSON

OPINION OF THE COURT

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — QUESTION OF
FACT.

> The determination of voluntariness of statements which the
> defendant had given to the police and prosecutor is a matter
> of fact.

2. CRIMINAL LAW—CONFESSIONS—ADMISSIBILITY—VOLUNTARINESS—
APPEAL AND ERROR.

> The sole purpose of a hearing regarding the admissibility of a
> confession is to determine the fact of voluntariness of state-
> ments of a person accused of crime and a reviewing court
> is concerned only with the correctness of that determination;
> a reviewing court is required to examine the entire record
> and make an independent determination of the ultimate issue
> of voluntariness.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 29 Am Jur 2d, Evidence § 587.
  Admissibility of pretrial confession in criminal case, Supreme
    Court Cases, supplementing 1 L Ed 2d 1735, 4 L Ed 2d 1833,
    12 L Ed 2d 1340, 16 L Ed 2d 1294, 22 L Ed 2d 872.
[2,13] 29 Am Jur 2d, Evidence § 590.
[3] 29 Am Jur 2d, Evidence § 585.
[4, 5] 29 Am Jur 2d, Evidence § 566 *et seq.*
[4, 5, 13] Police statements that if suspect confesses his relatives
    will be released from custody or not be arrested, as rendering
    confession involuntary. 80 ALR2d 1428.
[5] 29 Am Jur 2d, Evidence §§ 549, 566 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 797 *et seq.*
[7, 9] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[8, 14] 29 Am Jur 2d, Evidence § 320 *et seq.*
[10] 21 Am Jur 2d, Criminal Law § 234 *et seq.*
[11] 5 Am Jur 2d, Appeal and Error § 821.
[12, 15] 29 Am Jur 2d, Evidence § 351.
[13] Police statements that if suspect confesses his relatives will
    be released from custody or not be arrested, as rendering con-
    fession involuntary. 80 ALR2d 1428.

3. CRIMINAL LAW—CONFESSIONS—ADMISSIBILITY—VOLUNTARINESS—
CREDIBILITY.

> The narrow issue on a hearing regarding the admissibility of
> a confession is the voluntariness of the statement of a person
> accused of crime and such considerations as the manner of
> defendant's apprehension, his possession of the gun used in
> the killing, and his attempt to get rid of it, which are con-
> sidered by the court in assaying defendant's credibility, do
> not bear on that issue.

4. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—STATE OF MIND
—THREATS.

> The voluntariness of a statement given to the police and prosecu-
> tor turns on the defendant's state of mind, and if he thought
> his wife was or would be detained improperly and that impres-
> sion was the result of a threat to do so made to him, the
> fact of her custody or being charged is of practically no
> importance.

5. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—EVIDENCE.

> Defendant's statements to the police and prosecutor were not
> voluntary and were inadmissible where the police waited until
> after he had been in custody and questioned for over four
> hours and had at last given them his first statement before
> taking him to the hospital for treatment of the injuries
> received at the time of his apprehension, which exhibited a
> callousness more compatible with their threats than their
> denial of them, and where there was testimony that a detec-
> tive had informed defendant earlier that his wife would be
> free to go if she were not involved because a practice will
> not be sanctioned that would let the detective sit by silently
> while defendant told the prosecutor he was making the state-
> ment because he did not know whether his pregnant wife
> was in jail and he was going to "tell it like it is" so his
> wife could go home.

6. CRIMINAL LAW — VERDICT — EVIDENCE — ADMISSIBILITY — MIS-
CARRIAGE OF JUSTICE — REVERSIBLE ERROR — PREJUDICE.

> A verdict should not be set aside in a criminal case on the
> ground of improper admission of evidence unless, from an
> examination of the entire cause, it affirmatively appears that
> such error resulted in a miscarriage of justice; the question
> of reversal is controlled by determination of whether the
> error was prejudicial (MCLA 729.26; GCR 1963, 529.1).

7. APPEAL AND ERROR—HARMLESS ERROR.

> The appropriate considerations in determining prejudice in an error are: first, whether the error is so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless; second, if not so basic, whether the court declare a belief that the error was harmless beyond a reasonable doubt.

8. CRIMINAL LAW—EVIDENCE—SEPARATE CRIME—ADMISSIBILITY—APPEAL AND ERROR.

> Prosecutor's deliberate injection of improper evidence of the commission of a separate crime by defendant and the trial court's acquiescence in it are such affront to the integrity of the trial process that the Michigan Supreme Court should not countenance it.

9. CRIMINAL LAW—MISCARRIAGE OF JUSTICE—STATUTES—CONSTITUTIONAL LAW—DUE PROCESS.

> Statutory provision that no judgment or verdict should be set aside or reversed or new trial granted in a criminal case on various enumerated grounds unless the error complained of resulted in a miscarriage of justice is not a cure-all for it must serve within constitutional limitations or else be declared void; minor errors which clearly can be held not have affected the result may be mollified by this statutory provision, but errors which deprive an accused of the right of due process of law cannot be composed thereby to the detriment of an accused (MCLA 769.26).

10. CONSTITUTIONAL LAW—FAIR TRIAL—DUE PROCESS—COURTS.

> The responsibility of maintaining the right of fair trial and due process of law is placed with the judicial branch and cannot be otherwise by legislative permission.

11. CRIMINAL LAW—APPEAL AND ERROR.

> The Michigan Supreme Court is not concerned with the guilt or innocence of the accused, for it is not trier of the facts and must apply the law to the case as tried.

12. CRIMINAL LAW—UNDESIRABLE ARMY DISCHARGE—APPEAL AND ERROR.

> Prosecutor's elicitation of defendant's undesirable discharge from the army was error and should be avoided on a new trial

DISSENTING OPINION

BLACK, ADAMS, and T. E. BRENNAN, JJ.

13. CRIMINAL   LAW—CONFESSIONS—VOLUNTARINESS—CREDIBILITY—
EVIDENCE—ADMISSIBILITY.

*Defendant's statement to an assistant prosecutor, made on the
day of his arrest, was voluntary and properly admitted in
evidence under the "clearly erroneous" standard or an exam-
ination of the entire record on the issue of voluntariness where
the statement admitted defendant's participation in a rob-
bery, in which a killing occurred; he alleged it was involun-
tary because he claimed he gave the statement so that his
pregnant wife could be released by the police to go home;
because all of his testimony at a trial court hearing to deter-
mine the voluntariness of his statement was all uncorroborated
and self-serving, acceptance or rejection of this testimony was
dependent upon the credibility of defendant and defendant
was not credible considering the manner of his apprehension,
his possession of the gun used in the killing and his attempt
to get rid of it, his admitted false first statement, and the
unrefuted testimony that defendant's wife was not in custody
or charged with anything.*

14. CRIMINAL LAW—OTHER CRIMES—EVIDENCE—MISTRIAL—APPEAL
AND ERROR—MISCARRIAGE OF JUSTICE—SUBSTANTIAL JUSTICE—
STATUTES—COURT RULES.

*Error of the trial court in denying a motion for mistrial and
permitting defendant's answer on cross-examination to stand
that defendant had stolen the car he was driving when
arrested was not reversible error although it was a deli-
berate attempt by the prosecutor to get before the jury
inadmissible testimony of a separate crime with which de-
fendant had never been charged because upon review of
the record, as required by statute and court rule, no mis-
carriage of justice or any inconsistency with substantial
justice is found where defendant's criminal status and un-
truthfulness were well established by his own testimony prior
to the testimony regarding the stolen car and the evidence
of guilt was overwhelming (MCLA 769.26; GCR 1963, 529.1).*

15. CRIMINAL LAW—DISHONORABLE ARMY DISCHARGE—APPEAL AND
ERROR—VERDICTS—NEW TRIAL—MISCARRIAGE OF JUSTICE—SUB-
STANTIAL JUSTICE—STATUTES—COURT RULES.

*That defendant had received a dishonorable discharge from
the army, brought out on the prosecutor's cross-examination*

*of defendant, if it was error, was not reversible error on the
record under a statute providing that appellate reversal of
a verdict or grant of a new trial is restricted to cases where,
after an examination of the entire record, it shall affirmatively
appear that the error has resulted in a miscarriage of justice
and the court rule providing that no error in the admission
of evidence is ground for granting a new trial unless refusal
to do so appears to be inconsistent with substantial justice
(MCLA 769.26; GCR 1963, 529.1).*

Appeal from Court of Appeals, Division 1, Le-
sinski, C. J., and Quinn and V. J. Brennan, JJ.,
affirming Recorder's Court of Detroit, Joseph A.
Gillis, J. Submitted September 17, 1971. (No. 49
June Term 1971, Docket No. 52,880-1/2.) Decided
February 25, 1972. Rehearing denied April 10, 1972.

23 Mich App 397 reversed.

Michael Maurice Robinson was convicted of first-
degree murder. Defendant appealed to the Court
of Appeals. Affirmed. Defendant appeals. Re-
versed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas R. Lewis,*
Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
defendant on appeal.

T. G. KAVANAGH, J. There is not much doubt
that Michael Maurice Robinson shot and killed Wil-
liam Finnk during the holdup of Mr. Finnk's jewelry
store. He was tried for the crime and convicted
by the jury of first-degree murder and the evidence
in the record is ample to sustain the conviction.

On appeal the defendant asserts that he did not have a fair trial, and accordingly we must review the record and determine whether the process whereby the verdict of "guilty" was entered did or did not comport with the standards which have been established to enforce his right to a fair trial.

The defendant maintains that the trial was unfair for three reasons:

1) The trial court admitted two statements which the defendant had given to the police and prosecutor which were not voluntarily given.

2) The prosecutor deliberately injected evidence of a separate crime after the trial court had held it was not proper to do so.

3) The prosecutor introduced evidence of the defendant's undesirable discharge from the army.

The Court of Appeals affirmed the conviction,[1] holding that the statements were voluntarily given and hence admissible; that although it was error to introduce evidence of another crime, it was harmless error; and without deciding, held that even if it be error to introduce evidence of defendant's undesirable army discharge, it too would be harmless error.

We are not satisfied that the Court of Appeals was correct in concluding the statements were voluntary and admissible. We cannot conclude the trial accorded this defendant was fair and accordingly reverse and remand for new trial.

The trial court conducted a *Walker*[2] hearing and held the statements were admissible, ruling:

"*The Court:* I find, as a matter of law, based upon People versus Walker, 374 Michigan 331, Sims versus Georgia 17th Law Edition 2nd 593; Jackson

---

[1] *People* v *Michael Robinson,* 23 Mich App 397 (1970).
[2] *People* v *Walker,* 374 Mich 331 (On Rehearing, 1965).

versus Denno 12th Law Edition 2nd 908; and under the Rule of Miranda versus Arizona 694, that the statements, admissions and confessions are voluntary and will be permitted to be received by the Jury."

The court may have misspoken. The determination of voluntariness is a matter of fact—the ruling of law on the authority of the cases cited is that voluntary statements *etc.* are admissible and involuntary statements *etc.* are not.

In any event the sole purpose of the *Walker* hearing is to determine the fact of voluntariness and a reviewing court is concerned only with the correctness of that determination. The role of reviewing court is accurately stated in *People* v *Summers,* 15 Mich App 346, 348 (1968):

"On this appeal we are required to 'examine the entire record and make an independent determination of the ultimate issue of voluntariness.' *Davis* v. *North Carolina* (1966), 384 US 737, 741, 742 (86 S Ct 1761, 1764, 16 L Ed 2d 895, 898). See, also, *Clewis* v. *Texas* (1967), 386 US 707, 708 (87 S Ct 1338, 1339, 18 L Ed 2d 423, 426); *Greenwald* v. *Wisconsin* (1968), 390 US 519 (88 S Ct 1152, 20 L Ed 2d 77); *People* v. *Hamilton* (1960), 359 Mich 410, 418; *People* v. *Pallister* (1968), 14 Mich App 139; and the discussion of the clearly erroneous rule in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 596."

Here the Court of Appeals said (pp 401–402):

"Although excerpts from the statement support defendant's assertion of involuntariness as does some of his testimony at the *Walker* hearing, all were uncorroborated, self-serving statements of defendant. Acceptance or rejection of these statements was dependent upon the credibility accorded defendant. When the manner of defendant's appre-

hension, his possession of the gun used in the killing and his attempt to get rid of it, his admittedly false first statement, the unrefuted testimony that defendant's wife was not in custody or charged with anything are considered, we find defendant no more credible than did the trial judge."

It would appear from this that "the manner of defendant's apprehension, his possession of the gun used in the killing and his attempt to get rid of it, * * * " were considered by that Court in assaying the defendant's *credibility*. This is improper, for however persuasive of defendant's guilt, the narrow issue on a *Walker* hearing is the *voluntariness* of the statement, and such considerations do not bear on that issue.

While the consideration of "his admittedly false first statement" is proper in crediting his testimony at the *Walker* hearing, it is but one of the proper considerations in that evaluation.

"The unrefuted testimony that defendant's wife was not in custody or charged with anything" is a distracting consideration, because the voluntariness of the statement turns on the defendant's state of mind, and if he thought his wife was or would be detained improperly and that impression was the result of a threat to do so made to him, the *fact* of her custody or being charged is of practically no importance.

We, of course, have the same obligation to make an independent determination of the ultimate issue of voluntariness from our own examination of the entire record.

From this we are left with an abiding conviction that the statements were not voluntary and hence not admissible.

The statement *on its face* is that of an agitated man. The fact that the police waited until after

he had been in custody and questioned for over
four hours and had at last given them his first
statement before taking the defendant to the hos-
pital for treatment of the injuries received at the
time of his apprehension exhibits a callousness
more compatible with the defendant's testimony of
their threats than their denial of them. If Detec-
tive Casey had indeed informed the defendant ear-
lier that his wife would be free to go if she were
not involved, as he testified, a practice will not be
sanctioned that would let the detective sit by silent-
ly while the defendant told the prosecutor that he
was making the statement because " * * * I
don't know if they got her in the County Jail * * *
I don't know what I got to go through, but I am
going to tell it like it is so she can go home * * *
she's going to have a baby."

We conclude that the *Walker* court erred in hold-
ing defendant's statements voluntary and admis-
sible and accordingly must reverse and remand for
a new trial at which the statements may not be
admitted.

Because on retrial it is possible that the asserted
errors on the admission of the evidence of the com-
mission of the separate crime of auto theft and the
nature of the defendant's separation from the army
might again arise, we address ourselves to them.

The Court of Appeals treats the matter thus (pp
402–404):

"During the cross-examination of defendant by
the prosecuting attorney, the former was asked,
'When you were arrested, where did you get that
car you were driving?' Defendant replied, 'That
car? I stoled that car.' Defense counsel objected
and requested to discuss the matter in the absence
of the jury. The jury was excused and defendant
moved for a mistrial. In defendant's statement to

the prosecuting attorney, there were references to the stolen car, but the judge had stricken them before that statement was read to the jury.

"On this record, defendant properly argues that this is not an instance of inadvertence but a deliberate attempt by the prosecuting attorney to get before the jury inadmissible testimony, namely: proof of a separate and distinct crime with which defendant had never been charged. The trial judge denied the motion for mistrial, permitted the answer to stand and permitted further cross-examination with respect to the stolen car. Before any further testimony was taken, however, the trial judge instructed the jury that any evidence with respect to other offenses was not pertinent to defendant's guilt but was only relevant to the jury's evaluation of defendant's credibility. Defendant claims this was reversible error.

"The question for decision is not the validity of the general rule that evidence which shows or tends to show that the accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, is irrelevant and inadmissible. *People* v. *Lundberg* (1961), 364 Mich 596. The question is does every violation of that rule require automatic reversal?

"We think not. By statute, CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096), appellate reversal of a jury verdict or the grant of a new trial is restricted to those cases where, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

"By rule, GCR 1963, 529.1, no error in the admission of evidence is ground for granting a new trial or for setting aside a verdict unless refusal to do so appears to be inconsistent with substantial justice.

"We do not say that the foregoing statute and rule are cure-alls for every error of the type here

complained of. We do say that each requires an appellate court to review the whole case and in context with that review determine if the error complained of resulted in a miscarriage of justice or if refusal to hold that the error is reversible error is inconsistent with substantial justice.

"We have reviewed this record as the statute and rule require, and we are unable to find a miscarriage of justice or any inconsistency with substantial justice if we uphold the trial court. This is not to say that we condone the practice of the prosecuting attorney nor the action of the trial court in sustaining that practice. It is to say that on this record we cannot say the error was reversible.

"On direct examination, defendant testified to playing the numbers, shooting craps, patronizing blind pigs and dealing in illicit guns. On cross-examination, before the error here complained of, he admitted he carried concealed weapons. His criminal status and untruthfulness were well established by his own testimony prior to the testimony regarding the stolen car. The evidence of guilt was overwhelming and the only evidence supporting defendant's alibi was his own testimony."

We agree with the Court of Appeals that it was error to let the prosecutor's question stand. However, as we read *People* v *Lundberg,* cited by the Court of Appeals *supra,* since this was a jury trial, that case would be authority for saying such error would be deemed prejudicial. "Had such evidence been admitted in a trial to a jury, we would not hesitate to reverse a verdict of guilt." *Lundberg, supra,* p 603. But we say so for a different reason.

The Michigan rule on its "harmless error statute" is stated in *People* v *Nichols,* 341 Mich 311, 332 (1954):

"Plaintiff relies on CL 1948, § 769.26 (Stat Ann § 28.1096), which provides in effect that a verdict

shall not be set aside in a criminal case on the ground of improper admission of evidence unless, from an examination of the entire cause, it affirmatively appears that such error resulted in a miscarriage of justice. Plaintiff urges that the entire record is persuasive of defendant's guilt. As we held in a civil case, *Soltar* v. *Anderson,* 340 Mich 242 [1954], where the similar provisions of CL 1948, § 650.28 (Stat Ann 1943 Rev § 27.2618), were urged against a claim of misdirection of the jury, the rule always in effect in Michigan, both before and after the enactment of the mentioned statutes and unaffected thereby, has been and is that the question of reversal is controlled by determination of whether the error was prejudicial. Having been prejudicial, it follows that the resulting verdict and judgment must be and are reversed, with new trial."

We regard the strictures of MCLA 769.26 and GCR 1963, 529.1, as different articulations of the same idea: appellate courts should not reverse a conviction unless the error was prejudicial. As stated in *Nichols, supra* — " * * * the rule always in effect in Michigan, * * * has been and is that the question of reversal is controlled by determination of whether the error was prejudicial".

In determining prejudice in an error there are many considerations. As pointed out by former California Chief Justice Roger Traynor, in his book *The Riddle of Harmless Error* (Ohio State Univ Press ed 1970), p 17:

"A large word like justice incorporated into a rule governing harmless error, compels an appellate court to concern itself not alone with a particular result but also with the very integrity of the judicial process."

The appropriate considerations are described in *People* v *Wichman,* 15 Mich App 110, 116 (1968):

"Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? See *People* v. *Bigge* (1939), 288 Mich 417, 421; *People* v. *Berry* (1968), 10 Mich App 469, 474; *People* v. *Mosley* (1953), 338 Mich 559, 566. See, also, *Chapman* v. *California* (1967), 386 US 18, 23, 24 (87 S Ct 824, 17 L Ed 2d 705), rehearing denied 386 US 987 (87 S Ct 1283, 18 L Ed 2d 241). Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt? See *People* v. *Liggett* (1967), 378 Mich 706, 716, 717; *Chapman* v. *California, supra.*"

Here, without regard to the result reached in this case, the prosecutor's deliberate injection of this improper evidence and the trial court's acquiescence in it are such affront to the integrity of the trial process that we will not countenance it. *Cf. People* v *Bigge,* 288 Mich 417 (1939), where Mr. Justice WIEST said at p 421:

"That statutory provision is not a cure-all for it must serve within constitutional limitations or else be declared void. Minor errors which clearly can be held not to have affected the result may be mollified by this statutory provision, but errors which deprive an accused of the right of due process of law cannot be composed thereby to the detriment of an accused. The responsibility of maintaining the right of fair trial and due process of law is placed with the judicial branch and cannot be otherwise by legislative permission. *We are not concerned with the guilt or innocence of the accused, for we are not triers of the facts and must apply the law to the case as tried.* The statement was inexcusable, wholly without warrant of law, planted irremovable impression, and rendered defendant a victim of the error. The prosecutor by such statement of intended proof of defendant's guilt brought an effect so probable,

so inadmissible, and so prejudicial as to constitute irreparable error." (emphasis added),

and at p 422:

"In the maintenance of right of trial by jury and *full integrity of its incidents* we are constrained by the mentioned error to reverse the conviction and remand the case for a new trial." (Emphasis added.)

We would not hold this error "harmless".

With reference to the elicitation of the defendant's undesirable discharge from the army we hold it was error and should be avoided on the new trial.

Reversed.

T. M. Kavanagh, C. J., and Swainson and Williams, JJ., concurred with T. G. Kavanagh, J.

Black, J. (*dissenting*). I agree with the first paragraph of the Court's opinion, that only. It is requoted here for the convenience of the reader:

"There is not much doubt that Michael Maurice Robinson shot and killed William Finnk during the holdup of Mr. Finnk's jewelry store. He was tried for the crime and convicted by the jury of first-degree murder and the evidence in the record is ample to sustain the conviction."

I regard Judge Quinn's opinion for Division 1 (23 Mich App 397) as the one which analyzes best the proof of this latest cold-blooded murder of another hapless shopkeeper, and as the preferred choice of successive appellate views of the questions that were raised on appeal to the Court of Appeals.

My vote to affirm is cast, and I therefore dissent.

T. E. Brennan, J., concurred with Black, J.
Adams, J., concurred in the result.