*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 10, 2025
11:10 AM

Plaintiff-Appellee,

v

No. 368221
Osceola Circuit Court
LC No. 2023-006196-FH

MARK CHALE GROVE,

Defendant-Appellant.

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of receiving or concealing stolen property with a value of $1,000 or more but less than $20,000, MCL 750.535(3)(a). On appeal, he claims he was denied a fair trial. We affirm his conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the theft of a camper trailer, which was later found destroyed in a wooded area. Investigation into the theft ultimately revealed that Dean DiMambro was towing the stolen camper trailer when he fell asleep at the wheel, swerved off the road, and totaled the camper trailer. DiMambro fled the scene, but was later arrested and convicted for stealing the trailer. DiMambro claimed he did not know the camper trailer was stolen, and blamed defendant. DiMambro claimed defendant had offered to sell him the trailer, and helped him move the trailer to a storage facility with his truck because DiMambro's SUV was unable to do so.

Defendant was subsequently charged with larceny of property worth $20,000 or more, MCL 750.356(2)(a), and receiving and concealing stolen property worth $20,000 or more, MCL 750.535(2)(a). DiMambro testified against defendant as part of a plea deal with the prosecution. The jury ultimately acquitted defendant of the larceny charge, and convicted him of the lesser-included offense noted above. Defendant now appeals.

-1-

## II.  PRESERVATION AND STANDARDS OF REVIEW

"To preserve a claim of prosecutorial error, a defendant must timely and specifically challenge the prosecutor's statements or conduct." *People v Thurmond*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361302); slip op at 9.  On appeal, defendant makes five claims of prosecutorial error:[1] that the prosecutor (1) told the jury defendant lied under oath, (2) stated defendant was depicted in the surveillance video at the storage facility, (3) questioned defendant and his girlfriend about defendant's lack of a license or insurance, (4) made an improper civic duty argument in closing, and (5) had an "unnecessary outburst" in front of the jury that denigrated defense counsel.  Defense counsel objected to the prosecutor's statement about the surveillance video and the prosecutor's questions to defendant about his lack of a license and insurance.  Therefore, these two challenges are preserved.  Defense counsel did not, however, object to the remaining three specific challenges defendant raises on appeal, rendering them unpreserved.

Defendant also argues defense counsel was ineffective for failing to object to the alleged prosecutorial errors.  A defendant may preserve a claim of ineffective assistance of counsel by moving in the trial court for a new trial, *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008), or moving for remand for a *Ginther*[2] hearing in this Court, *People v Abcumby-Blair*, 334 Mich App 210, 227; 966 NW2d 437 (2020).  Defendant did not pursue either of these options.  Therefore, this issue is unpreserved.

Claims of prosecutorial error are generally reviewed de novo.  *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003).  But, this Court "review[s] unpreserved claims of prosecutorial error for plain error affecting defendant's substantial rights." *Thurmond*, ___ Mich App at ___; slip op at 9.  Unpreserved claims of ineffective assistance of counsel are reviewed for errors apparent on the record. *Unger*, 278 Mich App at 253.

## III.  ANALYSIS

We first consider defendant's claims of prosecutorial error.  "The test for prosecutorial error is whether the defendant was denied a fair trial." *Thurmond*, ___ Mich App at ___; slip op at 10.  "A prosecutor commits error by abandoning his or her responsibility to seek justice and, in doing so, denying the defendant a fair and impartial trial." *Id*. (quotation marks, brackets, and citation omitted).  These issues "are decided case by case, and the reviewing court must examine

---

[1] Defendant challenges the prosecutor's statements as "prosecutorial misconduct."  "[A]lthough the term 'prosecutorial misconduct' has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are 'better and more fairly represented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *People v Jackson*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015), quoting *People v Cooper*, 309 Mich App 74, 87; 867 NW2d 452 (2015).  We will therefore refer to the challenges as claims of prosecutorial error.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

the pertinent portion of the record and evaluate the prosecutor's remarks in context." *Abraham*, 256 Mich App at 273.

## A. PRESERVED CLAIMS OF PROSECUTORIAL ERROR

### 1. VIDEO IDENTIFICATION

Defendant appears to argue that the prosecutor improperly expressed his "personal belief" to the jury during closing argument. The entirety of defendant's argument addressing this issue states:

> In the case of *People v Foster*, 175 Mich App 311 (1989), overruled on other grds by *People v Fields*, 450 Mich 94 (1995), the prosecutor stated a personal belief that defendant was lying, and the Court held that the comments inhibited the defense from impeaching the credibility of the sole identifying witness and that reversible error occurred even absent objection. Here, the prosecutor stated in his rebuttal closing argument that Mr. Grove, "lied under oath today," JTII 178. The prosecutor also stated that it was Mr. Grove in the storage unit video even though you could not tell who was in the videos, JTI 57-58. Defense counsel did object to this statement, JTI 58.

Defendant provides no authority or argument on appeal for why the prosecutor's statement was an improper expression of personal belief. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (citation omitted). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *Id*. (citation omitted). Thus, we decline to consider this issue.

### 2. LICENSE AND INSURANCE

Defendant next argues that the prosecutor erred by asking him and his girlfriend questions about him not having a license or insurance on his truck in front of the jury. He relies on *People v Robinson*, 386 Mich 551, 563; 194 NW2d 709 (1972), which involved a defendant on trial for murder. *Id*. at 555. At trial, the prosecutor in *Robinson* deliberately elicited testimony from the defendant about his use of a stolen car in violation of the rule of evidence barring testimony "of a separate and distinct crime with which [the] defendant had never been charged." *Id*. at 559-560. The trial court denied the defendant's motion for a mistrial and did not strike the improper testimony. *Id*. at 560. Instead, it allowed the prosecutor to ask the defendant additional questions about the stolen car, concluding it was relevant to the issue of the defendant's credibility. *Id*. Adding to the egregiousness of the situation, the trial court had previously stricken language about the stolen car in a statement the defendant made to the prosecutor earlier before it was read to the jury, meaning that, not only was the prosecutor on notice that the stolen car was off-limits, but the trial court knew so as well, yet still permitted the inappropriate questions. *Id*. at 559-560. Our Supreme Court held that the "prosecutor's deliberate injection of . . . improper evidence and the trial court's acquiescence in it [were] such an affront to the integrity of the trial process that [the Court would] not countenance it." *Id*. at 563.

*Robinson* is inapplicable to this case. In *Robinson*, the prosecutor knew that evidence about the stolen car was inadmissible at trial, but nevertheless deliberately elicited the defendant's testimony about it in front of the jury. This error was compounded by the trial court's inexplicable decision to allow the prosecutor to continue the improper line of questioning. Here, the prosecutor's remarks—and the trial court's response—were far less egregious. The prosecutor's questions about defendant's lack of a license and insurance, though likely improper, were very brief. Further, unlike *Robinson*, the trial court in this case correctly responded to defense counsel's objection by instructing the prosecutor to ask more appropriate questions. We conclude that the brief mention of defendant's lack of a license or insurance, in light of the admissible evidence at trial, did not prejudice defendant so much as to deny him his right to a fair trial.[3] *Thurmond*, ___ Mich App at ___; slip op at 10.

### B. UNPRESERVED CLAIMS OF PROSECUTORIAL ERROR

### 1. PROSECUTOR'S "OUTBURST"

Defendant claims the prosecutor's "outburst" improperly denigrated defense counsel "by making it seem like defense counsel was asking absurd questions." Defendant mischaracterizes the prosecutor's statements. The following exchange occurred during defense counsel's questioning of DiMambro regarding the favorable terms of his plea agreement:

> *Q*. Would you agree at this point that your agreement was that they were going to, that the state, dismiss the first count, larceny, and dismiss your habitual fourth offender down to a habitual third offender notice, you agree with those?
>
> *A*. Yes.
>
> *Q*. And then there was an agreement that with your testimony, you would receive a 24 month minimum sentence?
>
> [*Prosecutor*]. That's a mischaracterization, Judge. That's the minimum. It's within the guidelines. You can't coach that as he's just going to get 24 months. It's still 24 months to 20 years.
>
> *The Court*. All right—
>
> [*Defense Counsel*]. Well, and I'm not sure if I misstated that but I'm reading directly from the transcript that says "we have an agreement to a 24 month minimum sentence[.]"
>
> [*Prosecutor*]. Yeah, minimum.

---

[3] We also note that the jury acquitted defendant of the more serious charge, suggesting it properly considered the admissible evidence to render a just verdict.

*The Court.* [Prosecutor].

[*Prosecutor*]. Sorry, Judge.

*The Court.* We're all going to take one big deep breath, okay? Like this (indicates). We're going to let it out. Count three. Okay?

[*Prosecutor*]. Fair enough.

*The Court.* And then, you have redirect.

[*Prosecutor*]. I understand.

*The Court.* All right? So then you can ask him questions about what his maximum is.

[*Prosecutor*]. I appreciate your matronly tone.

*The Court.* Thank you. Go ahead, [defense counsel].

[*Defense Counsel*]. Thank you.

This exchange occurred after defense counsel repeatedly asked DiMambro questions about his possible sentence had he not entered into a plea deal with the prosecution. The prosecutor objected to these questions about "possible sentences" countless times, and the trial court repeatedly instructed defense counsel that his questioning was improper because it oversimplified the extensive considerations that go into sentencing a criminal defendant. This "outburst," as defendant calls it, was the result of defense counsel's decision to disobey the trial court's instructions. There is nothing about this exchange that suggests the prosecutor was trying to denigrate defense counsel.

## 2. LYING UNDER OATH AND CIVIC DUTY

Defendant's remaining two claims of error both concern the prosecutor's rebuttal argument.

Defendant first argues the prosecutor's rebuttal argument improperly asserted that defendant lied under oath. This argument is waived because it was not raised in defendant's statement of the questions presented. *Unger*, 278 Mich App at 262; MCR 7.212(C)(5). We therefore decline to address it on appeal.

We agree, however, with defendant that the prosecutor's rebuttal argument included an improper appeal to the jury's civic duty. During rebuttal, the prosecutor argued:

> The ten guilty men going free as opposed to finding one innocent man, that comes from Blackstone a great jurist from way back when. That's okay. That's okay but the ten guilty men aren't living in your neighborhood and stealing from you.

-5-

Defense would have you believe that DiMambro doesn't lie. I submit—or does lie. I submit that [defendant] lied today. His significant other said, no, his truck was always there. He didn't borrow it. DiMambro didn't borrow it. Lied under oath today. Nothing further.

"A prosecutor may not make a civic duty argument that appeals to the fears and prejudices of the jurors because this injects issues broader than the guilt or innocence of the accused into the trial." *People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595 (2005).

We further reject the prosecution's argument on appeal that the challenged statement was in fair response to defense counsel's closing argument. In closing, defense counsel argued:

So finally, again, let's talk about beyond a reasonable doubt. It is so important. There's a famous quote and I will try and paraphrase from our history that roughly says it is better for ten guilty men to go free than for one innocent person to be found guilty. That is why we have such a high burden of proof beyond a reasonable doubt.

We would never want to send an innocent person to prison or to jail or to convict them on a crime that they did not commit. If you think that probably he committed it, again, you're not there. WE [sic] have to get to a high degree, no doubt, no reasonable doubt that my client committed it. And there [are] so many areas for reasonable doubt here.

And in particular, I think we have to look at the difference in testimony between [defendant] and Mr. DiMambro who has something to lose here. Both of them have something to lose. But with Mr. DiMambro, he has such a history of lying. I think you can't overlook that. And all of the things being equal, given his admission that he has frequently lied to assist himself when he's in trouble, I think that that is more than enough for reasonable doubt.

Defense counsel, in mentioning this principle, was merely observing an often-quoted maxim to explain the stringent evidentiary burden in criminal cases, and reminding the jury about the importance of ensuring that citizens are not wrongfully convicted. The mere mention of this principle does not open the door to allow for the prosecutor to make an improper civic-duty argument. In this case, the prosecutor's remarks were not merely responsive to defense counsel's closing argument. His argument improperly appealed to the jury's emotions by making them the victim of defendant's crime.

While the prosecutor's rebuttal argument was improper, defendant fails to establish prejudice. As we have noted, defense counsel did not object to this improper comment, rendering defendant's challenge on appeal unpreserved. *Thurmond*, ___ Mich App at ___; slip op at 9. Our review is therefore limited to plain error affecting defendant's substantial rights. *Id*. The prosecutor's brief remark was insufficient to overcome the overwhelming evidence of defendant's guilt that was properly presented to the jury.

Finally, defendant makes a cursory ineffective-assistance-of-counsel claim for counsel's failure to object to the prosecutor's misconduct. First, we note that defendant's argument is not

included within his statement of questions presented. Therefore, it is waived. Furthermore, even if we were to consider defendant's argument that defense counsel was ineffective for failing to object to the prosecutor's statements, this argument lacks merit. Because none of the unpreserved challenged statements constituted prosecutorial error, defense counsel was not ineffective for failing to object. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron