SIMPSON *v.* BURTON.

HOWARD *v.* SAME.

THOMAS *v.* SAME.

1. FALSE IMPRISONMENT—INSTRUCTIONS—PROBABLE CAUSE.
   Instruction, in action against a private individual for false arrest and imprisonment, that if defendant caused the police to arrest plaintiffs and hold them in custody until discharged he would be liable to them in damages, was insufficient and incomplete in that it failed to state that defendant lacked justification and probable cause.

2. SAME—GIVING INFORMATION REGARDING AN OFFENSE—PROBABLE CAUSE—MALICE.
   One who merely gives information regarding an offense does not incur liability for alleged arrest and detention without probable cause, though the party giving the information acted maliciously or without probable cause.

---

REFERENCES FOR POINTS IN HEADNOTES

[1,2] 22 Am Jur, False Imprisonment, §§ 32, 33.
[4] Generally as to purpose of cross-examination, see 58 Am Jur, Witnesses, § 610.

3. Same—Information Regarding an Offense—Competency of Evidence—Hearsay—Pretrial Agreement as to Document.

Exclusion, as hearsay and incompetent, of police record of events leading to arrest and detention of plaintiffs in action against private individual for false arrest and imprisonment insofar as it included report to them by mother of 6-month-old child who died that she believed in the complicity of at least 2 of the plaintiffs in an attempt to poison her baby was reversible error, especially in view of agreement on pretrial hearing that such record should be received in evidence and trial court's charge that the main thing to determine was what was the main cause of the arrest, notwithstanding such report was incompetent as substantive proof of the matters related therein, as it was competent to show what information the officers acted on in taking plaintiffs into custody (Court Rule No 35 [1945]).

4. Trial—Cross-Examination by Trial Court.

Cross-examination of defendant by trial court in action for false arrest and imprisonment, designed to produce fuller and more exact testimony without indicating trial court's opinion or laying undue stress upon particular features of the witness' testimony that might, in eyes of jury, tend to impeach him was not error even though intensive.

Appeal from Wayne; Murphy (George B.), J. Submitted June 6, 1950. (Docket No. 5, Calendar No. 44,544.) Decided October 2, 1950.

Separate actions of case by Gola Mae Simpson, Naomi Howard, and John C. Thomas against William Burton for false arrest. Cases consolidated for trial and appeal. Judgment for plaintiffs. Defendant appeals. Reversed and remanded for new trials.

*Frank Schwartz* (*Arthur M. Lang,* of counsel), for plaintiffs.

*M. D. Smilay,* for defendant.

Reid, J. These 3 cases were consolidated for trial and on appeal. Verdict was had in favor of each

plaintiff but differing in amount as to each plaintiff. Defendant appeals.

Each plaintiff declared for false arrest and imprisonment based on false and unjust complaint, without just cause or provocation, made to the Detroit police department, of commission of a serious crime, the said arrests resulting in plaintiffs' detention overnight.

Defendant made general denial and did not in his answer assert the truth of the charge that plaintiffs had committed the designated serious offense.

The parties dispute as to matters which occurred on November 18, 1946, and those matters arose over the illness of a child of Lora Lee Thomas, then bookkeeper for defendant. Miss Thomas claimed that a preacher in Georgia was the father of her illegitimate child, and that while she was pregnant with said child, she came to Detroit and lived and kept defendant's books at the residence of defendant, who conducted some rental collections and maintained an office at his home. Miss Thomas' baby was born May 18, 1946. Miss Thomas (now the wife of defendant) claims that before November 18, 1946 she had called the attention of a doctor to the contents of her baby's Castoria container and that the doctor discovered Lysol in the baby's Castoria.

Miss Thomas further claims that on the afternoon in question (November 18, 1946) defendant Burton's little boy hastily called her to see what was wrong with the baby; that she found that the baby could hardly breathe; that Naomi Howard, one of the plaintiffs, was there and volunteered to get a doctor but that she, Miss Thomas, wanted her own doctor because of the discovery of Lysol previously and she was suspicious that an attempt at poisoning had again occurred.

Defendant concurs in the above statements of Miss Thomas and claims that the doctor called by Miss

Thomas was not in and later some doctor took the child to a hospital where it appears that the child's stomach was pumped out, no poison found, and within a few hours the child died of bronchial pneumonia. All 3 plaintiffs were at the residence of defendant about the time the baby became ill. It is inferable that defendant had been informed of the episode about the Lysol in the baby's Castoria and knew of the fact that on the afternoon in question, disagreements had occurred between the mother and some of the plaintiffs about how the baby should be taken care of.

On November 18, 1946, defendant about 4 p.m. received a call to go to the house from the mother (Lora Lee) who was crying and saying that the baby was seriously ill. Defendant drove his car hastily to his house where the mother met him and told him further about the child and of occurrences just after the illness of the child was discovered and reported to her.

Defendant claims he rushed the mother to the hospital and that after she went upstairs at the hospital he waited about 4 or 5 hours and thinking the police might have taken the mother under arrest or for questioning, he went to the Canfield station, and was there informed by the police that they had a flash message to pick up the 3 plaintiffs. Defendant further claims that he was required by the police to go along with them to guide them to the several places where the 3 plaintiffs could be found and to identify them. Defendant also testified that he thought the plaintiffs were guilty of some offense respecting the illness of the child, but that he did not request the police to arrest the plaintiffs. The 3 plaintiffs were taken by the police to the police station, questioned and detained over night. They were released later for lack of evidence.

The 3 plaintiffs, respectively, gave testimony to the effect that defendant requested the officers to make the arrest. Officer Truax on direct examination testified that the defendant requested the arrest of the plaintiffs, but on cross-examination he stated that the defendant merely said he believed them guilty.

The defendant claims that the mother, Lora Lee Thomas, related to the officers the circumstances which indicated to her mind the guilt of the 3 plaintiffs; that he (defendant) merely pointed out the 3 plaintiffs as the persons who were already under suspicion as a result of the statements of Lora Lee Thomas; that he (defendant) justifiably acted as an ordinarily prudent person would act under similar circumstances, without falsehood and without malice, and that the officers acted upon their own judgment on the information given them by the mother, Lora Lee Thomas, and without any request or suggestion from defendant that the officers should take the 3 plaintiffs into custody.

Defendant in a request to charge urged his good faith as a complete defense. The court did not, in his charge, instruct the jury that if they found that the defendant did not request the arrest of plaintiffs and that defendant did not make any false statement nor give the police officers purposefully a false impression which an ordinarily prudent person would not give under the circumstances, defendant would not be liable. If the jury had failed to find by a preponderance of evidence that the police, in making the arrest of plaintiffs, did act upon false statements and impressions given them by defendant, defendant would not be liable. The court did not clearly so charge the jury. The following instruction by the court is deemed insufficient and incomplete:

"If Mr. Burton caused the police to arrest these people, the plaintiffs, and hold them in custody until they were discharged, he would be liable to the plaintiffs in damages for what they suffered at that time for that arrest and detention."

There is nothing in the remainder of the charge to supply the deficiency as to lack of justification and probable cause necessary to render defendant liable.

During redirect examination of plaintiffs' witness, officer Truax, the following occurred:

"*The Court:* Did he tell you a child in his house was poisoned?

"*A.* Yes, and was taken to the hospital.

"*The Court:* What did he ask you to do?

"*A.* Well, he told us he believed the child was poisoned.

"*The Court:* Yes.

"*A.* And he told us the name of the persons, he thought might have done it.

"*The Court:* Then what did he say?

"*A.* Then that's the only thing I remember of the complaint.

"*The Court:* What did he want to do with them?

"*A.* He took us over to arrest them.

"*The Court:* Did he tell you he wanted these people arrested?

"*A.* I don't recall if he actually requested it, but he gave us their names and he thought they did it."

Under the Michigan law, one who merely gives information regarding an offense does not incur liability for alleged arrest and detention without probable cause, though the party giving the information acted maliciously or without probable cause.

"It is  *  *  *  the law of Michigan that one who merely gives information regarding an offense does not incur liability, even though the party giving the information acted maliciously or without probable cause. *Poupard* v. *Dumas,* 105 Mich 326; *Shingle-*

*meyer* v. *Wright,* 124 Mich 230 (50 LRA 129). This seems to accord with the general rule. *Burlington Transportation Co.* v. *Josephson* (CCA), 153 F2d 372, and *Richardson* v. *Empire Trust Co.,* 230 Mo App 580 (94 SW2d 966)." *Carr* v. *National Discount Corporation* (CCA), 172 F2d 899, 902.

The court excluded the police record that Lora Lee (the mother) reported to the police on November 18, 1946, the circumstance of Lysol in the baby's Castoria and her belief that her brother (one of the plaintiffs) had attempted to poison her baby, and belief in the complicity of one of the other plaintiffs. Yet the court in his charge to the jury, among other things, said, "One of the main things for you to determine is, first, what was the primary cause of this arrest? Who was the party or parties that started this trend of events?" The statements of the mother, Lora Lee Thomas, if admitted in evidence, might well have caused the jury to conclude that such statements motivated the officers in making the arrest and not any act or statement on the part of defendant. The court was in error in excluding the report showing her statement to the officers.

Counsel on the pre-trial had stipulated and agreed without reservation that the police record should be received in evidence on the trial and recourse thereto be available to counsel for pertinent and material matters. Court Rule No 35, § 4 (1945).

The court was in error in excluding the police record as incompetent and hearsay. It was incompetent as substantive proof of the matters related by Lora Lee to the officers, but competent to show what information the officers acted on in taking plaintiffs into custody.

Defendant complains of the questions asked by the court of the witnesses, particularly of the interrogation of defendant. Those questions were very many in number and in some instances may well have un-

justifiably aroused suspicion in the mind of the jury as to defendant's credibility because of intensive cross-examination of defendant by the court. It is of great importance that the trial court should exercise the right by appropriate questions to produce fuller and more exact testimony, but great care should be exercised that the court does not indicate its own opinion and does not lay undue stress upon particular features of a witness' testimony that might, in the eyes of the jury, tend to impeach him. We think the trial judge went to the very extreme limit in his examination of defendant. See *In re Stockdale's Estate (Appeal of the City of Flint),* 157 Mich 593, 606.

For the errors hereinbefore referred to, the judgments are reversed and new trial ordered in each case. Costs to defendant.

Boyles, C. J., and North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred with Reid, J. Dethmers, J., concurred in the result.