PEOPLE v EADY

Docket No. 63696. Decided July 16, 1980. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the defendant's conviction
and remanded the case for a new trial.

William G. Eady was convicted by a jury in the Wayne Circuit
Court, Victor J. Baum, J., of second-degree criminal sexual
conduct. At trial, the defendant testified that the complaining
witness had consented to his advances in a parked car, and had
started screaming and honking the car horn because of her
embarrassment after a police car arrived to investigate. Over
his objection, one of the police officers testified that they had
come to the scene in response to a radio dispatch that repeated
a telephone report of someone screaming and honking a car
horn in the vicinity. The trial court admitted the testimony as
a "radio run" exception to the hearsay rule. The Court of
Appeals, N. J. Kaufman, P.J., and T. M. Burns, J. (Bashara, J.,
concurring separately), affirmed the conviction in an unpub-
lished per curiam opinion, holding that there is no "radio run"
exception to the hearsay rule, but that because the prosecution
attempted to indorse the person who had made the telephone
report at trial and the defendant objected successfully, he had
not been deprived of his right of confrontation (Docket No. 77-
3561). The defendant applies for leave to appeal. In a per
curiam opinion by Justices Kavanagh, Levin, Fitzgerald, Ryan,
and Moody, Chief Justice Coleman and Justice Williams dis-
senting, the Supreme Court held:

1. The statement by the police dispatcher that a person
called and reported screaming and a horn honking was admit-
ted to prove that the complainant was screaming and honking
the horn before the police arrived. Because the statement was
offered to prove the truth of the matter asserted, it was hear-
say.

2. Hearsay evidence is not admissible except as provided by

REFERENCES FOR POINTS IN HEADNOTES
[1-3,5,6] 29 Am Jur 2d, Evidence §§ 493, 497, 1094.
[4-6] 5 Am Jur 2d, Appeal and Error §§ 778, 798.
[5,6] 29 Am Jur 2d, Evidence § 494.
    30 Am Jur 2d, Evidence § 1103.

the rules of evidence. There is no "radio run" exception for statements transmitted by a police radio.

3. There are instances in which evidence of statements transmitted over the radio is offered for purposes other than to prove the truth of the matter asserted, and when offered for such purposes the evidence is not hearsay. Statements may be admissible to demonstrate the listener's knowledge and motives if relevant to an issue in the case. However, the statements in this case were not admissible on that basis.

4. The admission of this hearsay evidence cannot be considered harmless error. Other than the hearsay, the only evidence on the determinative issue of consent was the testimony of the complaining witness and the defendant. Whether the complaining witness screamed and honked the horn before the police arrived or only upon their arrival was crucial, and the hearsay statements supported the complainant's testimony and incriminated the defendant.

5. The prosecutor's argument that the defendant waived his right to object to the admission of this hearsay by objecting to the attempt in midtrial to indorse the citizen who telephoned the police is not persuasive. It requires a defendant to give up his right to have witnesses properly indorsed on the information in order to assert the right to have hearsay evidence excluded.

Reversed and remanded for new trial.

Chief Justice Coleman, joined by Justice Williams, dissented. She agreed that the testimony was hearsay on the facts of this case. However, she did not agree that the defendant should be permitted to object vigorously to the midtrial indorsement of the person who made the original call to the dispatcher, decline a continuance, and now complain that he was denied his right of confrontation. The hearsay rule is intended to preserve the right to confront and cross-examine witnesses who make certain statements. The fact that the person who telephoned the police was present at the trial and available for interview and examination by the defendant is relevant. It preserved his right and opportunity to confront and cross-examine the witness. It is apparent that the defendant wished to prevent the witness's testimony, and he now complains about a lack of confrontation. Form should not prevail over substance.

OPINION OF THE COURT

1. EVIDENCE — HEARSAY — RADIO REPORT — ADMISSIBILITY.

A radio report by a police dispatcher to a police car that repeated a telephone report that someone was screaming and a car horn honking in the vicinity, admitted to prove that a complaining

witness was screaming and honking her car horn before the police car arrived at her location, was hearsay because it was offered to prove the truth of the matter asserted in the report.

2. EVIDENCE — HEARSAY — RADIO REPORT — ADMISSIBILITY.

There is no exception to the hearsay rule for statements transmitted by a police radio.

3. EVIDENCE — HEARSAY — RADIO REPORT — ADMISSIBILITY.

A statement transmitted over a police radio may be admissible to demonstrate the listener's knowledge and motives, and the basis of the listener's subsequent actions; a statement offered for such a purpose rather than to prove the truth of the matter it asserts is not hearsay.

4. EVIDENCE — HEARSAY — HARMLESS ERROR.

Erroneous admission of hearsay in testimony by a police officer that he had gone to the location of the complaining witness's car in response to a radio report from the police dispatcher that someone was screaming and honking a car horn in the vicinity, admitted to prove that the complaining witness was screaming and honking her car horn before the police arrived, was not harmless error where the issue whether the complainant screamed and honked her horn before the police arrived was crucial on the determinative issue of consent, and the only other evidence was the testimony by the complainant that she had screamed and honked the horn and struggled with the defendant for a half-hour before the police arrived, and testimony by the defendant that the complainant had consented to his advances but became embarrassed and started honking the horn after the police arrived.

5. CRIMINAL LAW — HEARSAY — OBJECTION — WAIVER.

A defendant did not waive the right to object to admission of hearsay testimony by a police officer concerning a citizen's report transmitted to him over a police radio by objecting to the attempt by the prosecution in midtrial to indorse the citizen as a witness; finding such a waiver would require a defendant to give up his right to have witnesses properly indorsed in order to assert his right to have hearsay evidence excluded.

DISSENTING OPINION BY COLEMAN, C.J.

6. CRIMINAL LAW — HEARSAY — OBJECTION — WAIVER.

*The hearsay rule is intended to preserve the right to confront and cross-examine witnesses who make certain statements; a*

*defendant's right to confront and cross-examine a witness who
had telephoned a report of hearing screams and a horn honk-
ing to a police department was preserved where the witness
was present at trial, albeit through a late indorsement, and
available for examination by the defendant, and he should not
be heard to complain that he was denied his right of confronta-
tion by admission of hearsay testimony by a police officer that
he acted in response to a radio report of someone screaming
and a car horn honking.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Anne B. Wetherholt,*
Assistant Prosecuting Attorney, for the people.

State Appellate Defender Office, by *Janet Too-
ley,* Assistant Defender, for the defendant.

PER CURIAM. At defendant's trial, a police officer
testified to information he received over a police
radio concerning a citizen's telephone call to the
police. The admission of this hearsay evidence was
error. There is no radio run exception to the
hearsay rule.

I

On January 25, 1977, defendant was convicted
by a jury of second-degree criminal sexual conduct[1]
and assault with intent to commit criminal sexual
conduct not involving penetration.[2] He was sen-
tenced to a term of 5 to 15 years imprisonment.

At trial, the complaining witness testified that
she picked up defendant hitchhiking and drove
him to a street where he said he lived. She agreed
to talk with him for a few minutes and turned off

---

[1] MCL 750.520c; MSA 28.788(3).

[2] MCL 750.520g; MSA 28.788(7). The trial judge vacated this second
conviction as violating the prohibition of double jeopardy.

the ignition to the car. Within a few minutes, defendant began to assault her. She testified that she screamed, honked the car horn, and struggled with defendant for approximately one-half hour before the police arrived. Defendant testified that the complainant consented to his advances but became embarrassed and started honking the horn after the police arrived.

Over defendant's objection, one of the officers arriving on the scene testified that they were responding to a radio report from a dispatcher who repeated a telephone report of someone screaming and honking a car horn in that vicinity. The trial judge admitted this testimony into evidence on the basis that "[w]hat comes over the radio is an exception to the hearsay rule".

On appeal, the Court of Appeals reasoned that the admission of the testimony concerning the statements about screaming and a horn honking was an error because there is no "radio run" exception to the hearsay rule. However, the Court found that defendant waived any objection to the admissibility of this testimony by objecting to the prosecutor's midtrial attempt to indorse the person who telephoned the police. Accordingly, the conviction was affirmed.

## II

An extrajudicial statement offered into evidence to prove the truth of the matter asserted is hearsay.[3] The statement by the police dispatcher that a

---

[3] MRE 801(c) provides:

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Although this case was tried prior to the effective date of the Michigan Rules of Evidence, the rules considered in this case are based upon legal principles which predated the Michigan Rules of

person called and reported screaming and a horn honking was admitted to prove that the complainant was screaming and honking the horn before the police arrived. Since this statement was offered to prove the truth of the matter asserted, it was hearsay.

Hearsay evidence is not admissible except as provided by the rules of evidence.[4] There is no exception to the hearsay rules for statements transmitted by a police radio. These statements were not admissible merely because they were transmitted by a police radio.

Although there is no "radio run" exception to the hearsay rule, there are instances in which evidence of statements transmitted over the radio is offered for purposes other than to prove the truth of the matter asserted. Statements transmitted over a police radio may be admissible to demonstrate the listener's knowledge and motives if relevant to an issue in the case.[5] Statements offered for such purposes are not hearsay. However, the statements in this case were not admissible on that basis. One can accept the prosecutor's contention that this evidence was introduced to demonstrate the basis for the officer's actions in arriving on the scene without agreeing that the substance of the radio call was admissible.

## III

The admission of this hearsay testimony cannot

---

Evidence, see *People v Wilkins,* 408 Mich 69, 73; 288 NW2d 583 (1980).

[4] MRE 802.

[5] See *Simpson v Burton,* 328 Mich 557; 44 NW2d 178 (1950); *People v Solomon,* 47 Mich App 208; 209 NW2d 257 (1973), *remanded on other grounds,* 391 Mich 767; 214 NW2d 60 (1974); see, also, McCormick, Evidence (2d ed), §§ 249, 294, pp 588, 694; 6 Wigmore, Evidence (Chadbourn rev), § 1789, p 314. The list of permissible purposes in the text is not intended to be exhaustive.

be considered harmless error.[6] Except for the admission of these hearsay statements, the only evidence on the determinative issue of consent was the testimony of the complainant and defendant. The issue of whether complainant screamed and honked the horn before the police arrived or only upon their arrival was crucial. The admission of the hearsay evidence placed unsworn statements before the jury. These statements supported the complainant's testimony and incriminated the defendant. Considering the evidence, the admission of these hearsay statements was not harmless.

Finally, unlike the Court of Appeals, we do not find persuasive the prosecutor's argument that defendant waived the right to object to the admission of this hearsay testimony by objecting earlier to the prosecutor's midtrial attempt to indorse the citizen who telephoned the police. Such an argument requires a defendant to give up his right to have witnesses properly indorsed, see MCL 767.40; MSA 28.980, in order to assert the right to have hearsay evidence excluded.

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse defendant's conviction and remand for a new trial.

KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J. *(concurring in part; dissenting in part)*. I agree that the testimony of an officer reporting a radio statement made by a police dispatcher who was repeating a telephone statement made by another is hearsay (double hearsay) under these facts.

I do not agree that the defendant should be

---

[6] See *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972); MCL 769.26; MSA 28.1096; GCR 1963, 529.1.

permitted to object vigorously to the midtrial indorsement of the person (when she became known) who made the original call to the dispatcher, decline a continuance, and now complain that he was denied his right of confrontation, his right to a speedy trial, and his right to a verdict from the first jury impanelled. There is no showing that a speedy trial or a verdict by the first jury would have been denied.

The hearsay rule, MRE 801 *et seq.,* is intended "to preserve the right to confront and cross-examine witnesses who make certain statements", as the Court of Appeals opinion noted. The fact that the person telephoning the police was present at the trial, albeit through a late indorsement, and available for examination by defendant is relevant to the determination of whether the admission of this evidence requires reversal. In this case, the fact that the person was available for interview and examination preserved defendant's right and opportunity to confront and cross-examine the witness. However, it is apparent that the defendant wished to prevent the testimony of the woman who allegedly reported hearing screams and a horn honking, and he now complains about a lack of confrontation. Admittedly, this strategy entailed good legal footwork, but I would not agree that we should permit form to prevail over substance.

I would affirm.

WILLIAMS, J., concurred with COLEMAN, C.J.