# STATE OF MICHIGAN

# COURT OF APPEALS

HURLEY MEDICAL CENTER,

       Plaintiff-Appellant,

and

CRAIG MAKELA,

       Plaintiff,

v

MICHIGAN ASSIGNED CLAIMS PLAN, a/k/a
MACP,

       Defendant-Appellee.

UNPUBLISHED
June 18, 2015

No. 320936
Oakland Circuit Court
LC No. 2013-134720-NF

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

GADOLA, J. *(dissenting)*.

I respectfully dissent. I disagree with the majority's assessment that Makela's hearsay statements to the psychologist regarding his motive for jumping from the moving vehicle were both sufficiently trustworthy and reasonably necessary for his medical diagnosis or treatment to warrant admission under MRE 803(4).

"Exceptions to the hearsay rule are justified by the belief that the hearsay statements are both necessary and inherently trustworthy." *People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992). Hearsay evidence is not admissible unless it falls within one of the clearly established exceptions. *People v Eady*, 409 Mich 356, 361; 294 NW2d 202 (1980). Under MRE 803(4), to be admissible, a statement must be "made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment." The rationale underlying MRE 803(4) further requires that (1) the statements must be trustworthy because the declarant had "a self-interested motivation to be truthful in order to receive proper medical care," and (2) the statements must be reasonably necessary for the declarant's medical diagnosis and treatment. *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011).

In my opinion, Makela's statements to the psychologist that he jumped from the moving vehicle to avoid being robbed were not sufficiently reliable to warrant admission under

MRE 803(4). In *People v LaLone*, 432 Mich 103, 109-110; 437 NW2d 611 (1989), our Supreme Court addressed the scope of MRE 803(4) as it relates to a declarant's statements made to a psychologist during the course of a psychological evaluation, and concluded the following:

> A psychologist treats mental and emotional disorders rather than physical ones. Lying to one's health care provider about symptoms and their general causes would be detrimental to the patient, and it is, in part, for this reason that we permit the introduction of such hearsay statements. It is therefore fair to say that, while medical patients may fabricate descriptions of their complaints and the general character of the causes of these complaints, we would think it less likely that they will do so than psychological patients. In addition, although there are psychological tests, fabrications of physical complaints would seem to be far easier to discover through empirical tests than are fabrications which might be heard by an examining psychologist. Indeed, statements which are untrue, and which the examining psychologist knows to be untrue, may nevertheless serve as a basis for accurate diagnosis and treatment. Thus, statements made in the course of the treatment of psychological disorders may not always be as reliable as those made in the course of the treatment of physical disorders. [Footnotes omitted.]

The fact that Makela's only statements regarding his motive for jumping out of the moving vehicle were made to a psychologist during the course of a psychological evaluation renders the reliability of those statements uncertain. Moreover, there is insufficient evidence that Makela had a "self-interested motivation to be truthful in order to receive proper medical care" when speaking with the psychologist. *Mahone*, 294 Mich App at 215. At the time Makela made the statements concerning his motivation for jumping, he was seeking medical care for his physical injuries and was not independently seeking psychological care. Rather, hospital personnel ordered the psychological evaluation on their own initiative to evaluate whether Makela required mental-health services. Under these circumstances, I do not believe Makela's statements to the psychologist were marked by sufficient indicia of trustworthiness to warrant admission under MRE 803(4).[1]

Further, Makela's statements to the psychologist were not reasonably necessary for his medical treatment or diagnosis. The language in MRE 803(4) specifically limits the exception to "medical treatment or medical diagnosis," and the rule does "not leave room for speculation on

---

[1] It is noteworthy that in *Meeboer*, 439 Mich at 328, the Court attached significance to the fact that in *LaLone*, where the Court determined the hearsay statements must be excluded, "it was the Department of Social Services who initiated the examination by the psychologist of the complainant." This suggests that when, as here, the declarant has not independently sought out psychological care, the declarant's statements to a psychologist should be considered less trustworthy. "To be admissible under MRE 803(4) . . . statements must also be made with the understanding *by the declarant* of the need to tell the truth . . . ." *Id.* at 331 (emphasis added). A motivation to tell the truth is less apparent when the declarant has not initiated the psychological evaluation or treatment at issue.

hearsay which may indeed be reliable and useful for *other kinds* of treatment." *LaLone*, 432 Mich at 114 (emphasis added). In this case, Makela's statements concerning his motive to jump were made to a psychologist, not a physician with the ability to practice medicine. See *Merriam Webster's Collegiate Dictionary* (11th ed) (defining "medical" as "of, relating to, or concerned with physicians or the practice of medicine"). Although Makela's statements concerning his motive to jump may have been reasonably necessary for his *psychological* diagnosis or treatment, in my assessment, the statements were not in any way necessary for his *medical* diagnosis or treatment.[2] Accordingly, the statements constitute inadmissible hearsay. I would therefore affirm the dismissal of the medical center's claim because there is no admissible evidence demonstrating that Makela's injuries were accidental, as is required for recovery of no-fault benefits under MCL 500.3105.

/s/ Michael F. Gadola

---

[2] I acknowledge that this Court has held that "in cases of sexual assault, in which the injuries might be latent, such as contracting sexually transmitted diseases or psychological in nature, and thus not necessarily physically manifested at all, a victim's complete history and recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *Mahone*, 294 Mich App at 215; see also *Meeboer*, 439 Mich at 329 ("[S]exual abuse cases involve medical, physical, developmental, and psychological components, all of which require diagnosis and treatment. . . . *LaLone* involved statements made during a psychological examination, rather than psychological treatment resulting from medical diagnosis."). However, the present case does not involve an incident of sexual assault, does not concern a patient seeking treatment for psychological injuries arising from a physical event, and does not involve psychological treatment resulting from a medical diagnosis.