# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 19, 2017

v

OSBY JOSHUA FAILS,

Defendant-Appellant.

No. 329352
Genesee Circuit Court
LC No. 15-036718-FH

Before: TALBOT, C.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 365 days in jail for the possession with intent to deliver cocaine conviction, and 30 to 240 months' imprisonment for the possession with intent to deliver heroin conviction. We affirm.

This appeal arises out of a traffic stop of a Volvo, in which defendant was the backseat passenger. The police searched the vehicle and found packages containing cocaine and heroin in the backseat near where defendant had been sitting. Defendant argues that defense counsel's failure to object on hearsay grounds or Confrontation Clause grounds to former Burton Police Officer Justin Barnes's trial testimony regarding information he received over his radio from other officers during the course of surveilling the Volvo amounted to ineffective assistance of counsel. Defendant further argues that by failing to object on hearsay grounds, defense counsel opened the door to additional hearsay evidence. We disagree.

The trial court held a *Ginther*[1] hearing with regard to defendant's claims of ineffective assistance of counsel. " 'Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law.' " *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (citation omitted). " 'The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo.' " *Id*. (citation omitted).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Generally, hearsay is inadmissible. MRE 802. It is well established that "[a]n out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014). "Such statements are 'not offered for a hearsay purpose because [their] value does not depend upon the truth of the statement[s].' " *Id*. at 307 (citation omitted; alterations in original).

Defendant argues that defense counsel was ineffective for failing to object to the alleged hearsay testimony of Officer Barnes. At trial, Officer Barnes testified that although he did not personally observe all of the movements of the Volvo before it was pulled over, he was informed over his radio that the Volvo had stopped at a residence on Waldman, and a passenger had gotten out of the vehicle. Defense counsel objected, arguing that some sort of foundation needed to be established regarding who informed Officer Barnes over the radio. The prosecution responded that "[t]his bit of information is just being established to show what he would have done next in the course of his investigation." The trial judge overruled defense counsel's objection, stating that the testimony was not being offered to "show that truth of what was said to [Officer Barnes]. It's evidence used to show why he did what he did, and . . . it's admissible on that basis." Officer Barnes then testified that he was informed that the Volvo made another stop at a Family Dollar at the intersection of Fenton and Ossington, and that the backseat passenger got out of the Volvo and went into a nearby house for four to six minutes. Officer Barnes explained that he was informed when the vehicle pulled back out onto Fenton, and Officer Barnes was able to follow the vehicle at that time. On cross-examination, Officer Barnes clarified that the backseat passenger was the passenger who got out of the Volvo on both occasions.

Defendant claims that Officer Barnes's testimony regarding information he received over the police radio while participating in surveillance of the vehicle was hearsay and should have been excluded. Although defense counsel did raise an objection to the lack of foundation at trial, he did not object to the testimony as being hearsay. Accordingly, defendant claims defense counsel's failure to object to that testimony *as hearsay* was objectively unreasonable and constituted ineffective assistance of counsel. However, we agree with the trial court's ruling.

Although the objection was to a lack of foundation and not hearsay, the trial court addressed and decided the issue as if it were a hearsay objection. The trial court correctly determined that the testimony was nonhearsay. Officer Barnes's testimony regarding what he heard from other officers who were tracking the location of the Volvo was admissible, not for the truth of the words asserted, but rather for the limited purpose of showing its effect on Officer Barnes. The effect of the words on Officer Barnes was to keep him apprised of the location of the vehicle the officers were surveilling so that Officer Barnes could be an effective participant

in the operation. Officer Barnes testified that based on the information he received via the police radio regarding the Volvo, he was to pick up surveillance of the Volvo when it came close to him. This testimony was relevant to show how Officer Barnes was able to arrive at the location of the traffic stop quickly to assist in the search of the Volvo and defendant's arrest.[2] Therefore, defense counsel did not render ineffective assistance by failing to raise a futile hearsay objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

For the same reason, to the extent that defendant argues that the admission of the testimony violated the Confrontation Clause, his argument is without merit. "The Confrontation Clause concerns out-of-court statements of witnesses, that is, persons who bear testimony against the defendant." *People v Henry (After Remand)*, 305 Mich App 127, 153; 854 NW2d 114 (2014). The Confrontation Clause prohibits the introduction of out-of-court statements of a witness that are testimonial in nature against the defendant at trial unless the witness who made the statements is unavailable and the accused had a prior opportunity to confront the witness. *Id*. "To rank as testimonial, a statement must have a primary purpose of establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *Id*. (citation and quotation marks omitted; alterations in original). In this case, as discussed above, the statements were not testimonial in nature because they did not have a primary purpose to establish or prove past events potentially relevant to later criminal prosecution. Instead, the statements were made in order to apprise Officer Barnes of the location of the vehicle and were admitted to show the effect of the statements on the listener. Therefore, defendant fails to establish ineffective assistance of counsel because any objection on Confrontation Clause grounds would have been meritless. See *Ericksen*, 288 Mich App at 201.

Furthermore, even assuming that the testimony was improperly admitted, defendant fails to show that he was prejudiced by defense counsel's failure to object. The prosecution did not suggest to the jury at any point during trial that defendant was selling drugs at either location. Instead, the testimony was utilized for the limited purpose of establishing the effect of the statements on Officer Barnes. Also, the prosecution presented overwhelming evidence that defendant possessed the heroin and cocaine recovered from the Volvo, and that the drugs were possessed with the intent to deliver. For example, defendant was observed "making quick leaning forward movements" in the car after the police pulled the car over. Burton Police Sergeant Kevin Kissel testified that in his experience, defendant's behavior suggested that he may have been reaching for a weapon or hiding contraband. This indicates that defendant had

---

[2] See also *People v Eady*, 409 Mich 356, 361; 294 NW2d 202 (1980), where our Supreme Court held:

> [T]here are instances in which evidence of statements transmitted over the radio is offered for purposes other than to prove the truth of the matter asserted. Statements transmitted over a police radio may be admissible to demonstrate the listener's knowledge and motives if relevant to an issue in the case.

knowledge of the drugs. Additionally, the heroin and cocaine were recovered from the area in which defendant had been sitting in the Volvo. This indicates that defendant had reasonable access to the drugs. Thus, the evidence presented by the prosecution was sufficient for a rational trier of fact to have found that defendant constructively possessed the heroin and cocaine. See *People v Minch*, 493 Mich 87, 92; 825 NW2d 560 (2012) (" 'Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons . . . .' ") (citation omitted). In addition, there was expert testimony that the drugs were possessed for sale. The expert opinion was based on the quantity of drugs, the lack of drug paraphernalia, and the fact that two different types of drugs were found. Even without the testimony at issue, defendant has not shown there is a reasonable probability that the outcome of his trial would have been different but for counsel's failure to object. Therefore, defendant's ineffective assistance of counsel claim fails.

Defendant also argues that defense counsel "elicited more damaging hearsay testimony during his cross-examination of . . . Officer Barnes." We disagree.

Defendant challenges trial counsel's decision to elicit Officer Barnes's testimony that Courtney Garner, the driver of the Volvo, was known for "ferrying" individuals around so they could sell drugs. Trial counsel's performance is evaluated by an objective standard of reasonableness and without benefit of hindsight. *People v Payne*, 285 Mich App 181, 188, 190; 774 NW2d 714 (2009). In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy. *Trakhtenberg*, 493 Mich at 52.

We first note that the testimony did not constitute hearsay because Officer Barnes testified to having direct knowledge that Garner was involved in other investigations for "ferrying" other individuals with drugs. Officer Barnes did not testify that anyone else informed him of Garner's activities. See MRE 801(c). Furthermore, to the extent that defendant argues that defense counsel was ineffective for raising the issue of Garner's prior history with the police, defense counsel's conduct constituted sound trial strategy. At defendant's *Ginther* hearing, defense counsel testified that he asked Officer Barnes about his prior dealings with Garner in order "to shift some blame." Because the prosecution's case was based on a theory of constructive possession, defense counsel was "trying to show that these could have been someone else's drugs, that they could have been placed there by someone else other than [the defendant]," especially since there were two other individuals in the Volvo. Defense counsel indicated that shifting blame was "one of [his] strategies because [defendant] indicated to [him] that these drugs were not his." He explained, "If they weren't [defendant's], then I had to try to create a doubt in the juror's minds [sic] as to whether, in fact, they could have been his or someone else's." Defense counsel's decision to inquire regarding the nature of Officer Barnes's prior interactions with Garner constituted trial strategy. Simply because defense counsel's attempt to shift blame onto another occupant of the Volvo proved futile does not mean that the strategy was objectively unreasonable. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Accordingly, defendant has not overcome the strong presumption that defense counsel's performance was born from a sound trial strategy, and thus, his claim of ineffective assistance of counsel fails. See *Trakhtenberg*, 493 Mich at 52.

Affirmed.

/s/ Michael J. Talbot
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra