PEOPLE v JACKSON

Docket No. 53038. Submitted October 9, 1981, at Detroit.—Decided January 8, 1982.

Herman L. Jackson was convicted of two counts of armed robbery and one count of felony-firearm, Recorder's Court of Detroit, James E. Roberts, J. Defendant appeals, alleging that the trial court erred in not granting him a continuance in order to obtain new counsel, that his counsel caused error by failing to subpoena a defense witness, that the testimony of two police officers was erroneously admitted into evidence, and that the prosecutor impermissibly commented on his personal belief in the defendant's guilt and erroneously stated that the presumption of innocence terminates when the jury begins deliberations. *Held:*

1. Defendant did not specifically request the court to grant a continuance, and the remark of counsel which might be interpreted to be such a request was untimely, coming near the end of the trial. Also, the facts alleged in support of this claim do not show that the defendant's rights at trial were prejudiced by the failure to grant a continuance.

2. Defense counsel had no address to which to direct a subpoena to the defense witness. Further, he had spoken with the witness and the witness had indicated that she would appear at trial. Also, there is no indication that the witness is available and willing to testify in the event a new trial were to be granted.

3. The testimony of the police officers regarding the content of a police radio dispatch was properly admitted to show the reason for the presence of the officers at the scene of the crime.

4. The prosecutor's statements did not express a personal belief in the defendant's guilt.

5. The trial court gave proper instructions regarding the

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance §§ 34, 43.
Withdrawal, discharge, or substitution of counsel in criminal case as ground for continuance. 73 ALR3d 725.

[2] 29 Am Jur 2d, Evidence § 497.

[3] 5 Am Jur 2d, Appeal and Error §§ 624, 625.

presumption of innocence. The prosecutor's statement, while error, does not require reversal. The statement was not objected to and a timely requested curative instruction would have eliminated any prejudice.

Affirmed.

1. CRIMINAL LAW — TRIAL — CONTINUANCE.

A trial court's failure to grant a defendant a continuance in order to allow the defendant to obtain new counsel was not error where the trial court was not specifically asked to grant a continuance, where the comment by defense counsel to the court which might be inferred to be such a request was untimely, coming near the end of the trial, and where the facts alleged in support of the defendant's claim do not indicate that his rights at trial were prejudiced by the court's not granting a continuance.

2. CRIMINAL LAW — EVIDENCE — HEARSAY.

Testimony of a police officer as to the content of a police radio dispatch in which the dispatcher had stated that an armed robbery was in progress was not inadmissible hearsay where the testimony was admitted not to prove the truth of the matter asserted but to show the reason for the presence of the police officers at the scene of the crime (MRE 801[c]).

3. APPEAL — PROSECUTOR'S COMMENTS.

The failure to object at trial to the comments of the prosecutor precludes appellate review of the alleged impropriety of the comments where a timely requested curative instruction would have eliminated any prejudice to the defendant and where the trial court properly instructed the jury on the matters at issue.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

Per Curiam. A jury found defendant guilty as charged of two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). On May 12, 1980, defendant was sentenced to 2 concurrent terms of imprisonment of from 8 to 20 years for the armed robbery convictions, and to the mandatory 2-year consecutive sentence for the felony-firearm conviction. Defendant appeals as of right.

I

Defendant claims reversible error by reason of the trial court's refusal to grant defendant a continuance to obtain new counsel when defendant discovered that his attorney had failed to subpoena or arrange for the appearance of a key defense witness. A motion by the prosecution to strike the affidavit filed on appeal in support of this claim and any reference thereto in defendant's appellate brief was granted by order dated May 6, 1981. Based on the record, we find no abuse of discretion in the trial court's treatment of defendant's request for consideration of defendant's problems regarding (1) the witness who failed to appear and (2) whether another attorney should have been representing defendant.

We note first that the trial court was not specifically asked to grant a continuance, although such a request might fairly be inferred from the context of certain remarks whereby the court was informed that defendant was dissatisfied with his attorney and had originally expected a different attorney from the same law firm to be trying his case. Defense counsel informed the court, near the end of trial, that a defense witness who had been

expected to appear had not yet arrived in court. Apparently, defense counsel had spoken to the witness by phone a few days earlier at which time the witness indicated that she would appear and testify on the day in question. At the same time, defense counsel informed the court that defendant was "under the impression" that a different attorney should be representing him.

Defendant bases a claim of error on the premise that he should have been granted a continuance in order to arrange for other counsel, but the facts alleged in support of this claim show, at best, that he may have some grievance with his retained counsel but not that his rights at trial were prejudiced thereby. Defendant's "request" was untimely, coming near the end of trial. *United States v Johnston,* 318 F2d 288 (CA 6, 1963), is distinguishable because there the defendant was attempting to prevent, rather than institute, a change in the retained attorney representing him. Other cases cited by defendant apply to questions of retained versus appointed counsel, and are therefore inapposite.

Regarding the failure of defense counsel to subpoena a defense witness, we note that counsel did contact the witness and expected her appearance, and also that counsel had no address or location at which to direct the issuance of a subpoena. Furthermore, there is no indication that the issuance of a subpoena would have been effective, and even now there is no indication or allegation that the witness is available and willing to testify if a new trial is granted. We therefore decline to grant a new trial based on the failure of counsel to subpoena the witness in question.

## II

Defendant claims that the trial court committed reversible error by allowing two police officers to testify, over defense objection, as to the content of a police radio dispatch. Specifically, defendant claims that it was error to admit the fact that the radio dispatcher stated that an armed robbery was in progress. It is apparent from the context of the trial that the dispatcher's statement was not admitted to prove the truth of the matter asserted but to show the reason for the presence of the police officers at the scene. Thus the statement was not hearsay. MRE 801(c). Furthermore, the dispatcher's statement was based on information conveyed by a phone call from the complainant, who testified at trial. We have no doubt that the jury understood that the dispatcher's statement had no substantive bearing on whether it was in fact a robbery that was taking place.

*People v Eady,* 409 Mich 356; 294 NW2d 202 (1980), is distinguishable because, in that case, the content of the radio dispatch was substantive proof that the victim had been resisting the defendant's sexual advances prior to the arrival of police at the scene of the alleged criminal sexual conduct. Defendant there contended that the victim pretended to resist out of embarrassment. Furthermore the witness in *Eady* who reported the screaming of the victim was prevented from testifying at trial, while in the instant case the complainant, who was the source of the information in question here, was available for cross-examination. Defendant in the instant case was not, therefore, denied his right to confrontation.

## III

Defendant claims that the prosecutor impermissibly commented on his personal belief in the guilt

of the defendant. The statement complained of is as follows:

"This is an unusual case because the defendants were caught right in the act. These kinds of cases rarely, if ever, go to trial. But it did, and so your duty is to determine who was telling the truth."

We find defendant's claim with respect to this statement to be unfounded. The prosecutor told the jury that it was for the jury to decide who was telling the truth, and we do not perceive the complained-of statement to be an expression of the prosecutor's personal belief. In fact, the prosecutor was merely arguing his theory of the case, which theory was amply supported by the record.

Defendant further claims that he was denied a fair trial by the prosecutor's statement that a defendant's presumption of innocence terminates when the jury begins deliberating. This statement was unobjected to. Shortly after the statement was made, the trial court gave proper instructions on the presumption of innocence, CJI 3:1:02.

It may be that the prosecutor was attempting, in good faith, to explain that the presumption of innocence had been rebutted by the evidence presented at trial. Whatever was intended, the statement in question appears to shift the burden of proof from the prosecutor, and we view it as error. Under the circumstances, however, the error is not reversible.

Defendant's failure to object precludes appellate review in the instant case because a timely requested curative instruction would have eliminated any prejudice, and, considering the proper instructions given by the trial court, we find that defendant was not denied his right to a fair trial. *People v Rone (On Second Rem)*, 109 Mich App 702; 311 NW2d 835 (1981).

Affirmed.