COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TYRONE D. SMITH,

Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 319977
Wayne Circuit Court
LC No. 13-006860-FH

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of possession with the intent to deliver 50 to 499 grams of cocaine, MCL 333.7401(2)(a)(iii). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 6 ½ to 20 years' imprisonment for his conviction. We affirm.

Defendant first contends that Detroit Police Officer Stephen Geelhood's testimony violated his right to confront the witnesses against him. We disagree.

To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the ground for that objection, and must raise the same ground on appeal. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Defendant did not object on the basis that Officer Geelhood's testimony violated the Confrontation Clause. Thus, the issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order for a defendant to satisfy the plain error test, he must show that (1) an error occurred, (2) the error was plain, clear or obvious, (3) and the plain error affected substantial rights. *Id*. The third prong requires a showing of prejudice. *Id*. Prejudice occurs when the error affected the outcome of the lower court proceedings. *Id*.

Both the United States and Michigan Constitutions guarantee a criminal defendant the right to confront the witnesses against him or her. US Const, Am VI; Const 1963, art 1, § 20; *People v Garland*, 286 Mich App 1, 10; 777 NW2d 732 (2009). The Confrontation Clause prohibits the admission of out of court statements that are testimonial in nature unless the declarant was unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007), citing *Crawford v Washington*, 541 US 36, 42; 124 S Ct 1354; 158 L Ed 2d 177 (2004). However, the

-1-

Confrontation Clause does not bar the use of out of court testimonial statements for purposes other than establishing the truth of the matter asserted. *People v Henry (After Remand)*, 305 Mich App 127, 153; 854 NW2d 114 (2014), citing *Chambers*, 277 Mich App at 10. "[A] statement offered to show the effect of the out of court statement on the hearer does not violate the Confrontation Clause." *Henry (After Remand)*, 305 Mich App at 153-154, quoting *Chambers*, 277 Mich App at 10-11. "Specifically, a statement offered to show why police offers acted as they did is not hearsay." *Chambers*, 277 Mich App at 10, quoting *People v Jackson*, 113 Mich App 620, 624; 318 NW2d 495 (1982).

Officer Geelhood provided the following testimony at trial:

[*The Prosecutor*]: When was the first time you went to that location?

[*Officer Geelhood*]: For surveillance for my search warrant.

[*The Prosecutor*]: When was that?

[*Officer Geelhood*]: The day prior.

[*The Prosecutor*]: April 10th, 2011?

[*Officer Geelhood*]: Yes.

[*The Prosecutor*]: How did you know to go to that location?

[*Officer Geelhood*]: Information provided by an SOI, source of information.

[*The Prosecutor*]: And what exactly is a Source of Information; what is that?

[*Officer Geelhood*]: Somebody who had given me information for particular homes that are selling drugs.

[*The Prosecutor*]: So somebody - - You spoke to somebody and they gave you information that drugs may be at that location?

[*Officer Geelhood*]: Correct.

[*The Prosecutor*]: And is [sic] there different types of sources? Are there the sources that come over, maybe Crime Stopper and sources that you may know personally; is that correct?

[*Officer Geelhood*]: Correct.

[*The Prosecutor*]: And after you got this information, where did you go?

[*Officer Geelhood*]: To the location.

Officer Geelhood testified that he received a tip from an unidentified person that drugs were being sold out of the house located at 7820 Ashton Street. Acting on this information, Officer Geelhood went to the location to conduct surveillance of the home to corroborate the unidentified informant's information and apply for a search warrant. In this context, the unidentified person's statement to Officer Geelhood, that drugs were being sold out of the house, was not being used to prove the truth of the matter asserted in the unidentified person's statement, i.e., that drugs were actually being sold out of the house; rather, the statement was used to explain why Officer Geelhood went to the house on April 10, 2011. Because the Confrontation Clause does not prevent the use of out of court testimonial statements to show why a police officer acted as he did, *Chambers*, 277 Mich App at 10, quoting *Jackson*, 113 Mich App at 624, Officer Geelhood's testimony did not violate defendant's right of confrontation. Therefore, no error occurred.

Defendant also contends that the prosecutor committed several instances of prosecutorial misconduct. We disagree.

To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel failed to object and request a curative instruction to Michigan State Police Officer Aaron Darkins's, defendant's, and Lakisha Nelson's testimony and failed to object and request a curative instruction to the prosecutor's statements during closing arguments. The issues are not preserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010).

Defendant contends that the prosecutor committed misconduct when it elicited irrelevant and unduly prejudicial testimony from Officer Darkins, defendant, and Nelson that marijuana residue was found in the house. The challenged testimony, however, was properly admitted as part of the res gestae of the offense. The res gestae of a crime are the facts and circumstances surrounding the commission of the crime. *People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978). When evidence of other criminal acts is part of the res gestae of an offense, the evidence is admissible for the jury to hear the complete explanation of the circumstances. *People v Sholl*, 453 Mich 730, 742; 556 NW2d 851 (1996). In other words, the res gestae supplies the jury with the "complete story" so that the jurors might be better equipped to perform their sworn duty. *Id*. "[I]t is essential that prosecutors and defendants be able to give the jury an intelligible presentation of the full context in which the disputed events took place." *Id*. Res gestae evidence is evidence that is "so blended or connected with the crime of which [the] defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." *Id*. MRE 404(b) does not preclude the admission of evidence intended to give the jury an intelligible presentation of the full context in which disputed events occur. *Id*.

-3-

Officer Darkins's testimony was part of the res gestate of the offense because it described the events that led up to the discovery of the cocaine and provided the jury a complete explanation of the circumstances of the crime, particularly the interior search of the home. Officer Darkins testified that after the house was secured, he and Qwik, Officer Darkins's narcotics dog, did an interior search of the house and that Qwik indicated a narcotics odor at least three times inside the house. Each time Qwik indicated a narcotics odor, marijuana residue was found. Then, Officer Darkins testified that after allowing Qwik outside to urinate, Qwik eventually walked over to a cinder block that was lying next to the house and signaled the presence of narcotics. Upon investigating the contents of the cinder block, Officer Darkins found cocaine in a grocery bag. Therefore, Officer Darkins's testimony that marijuana residue was inside the home is part of the res gestae of the offense as it explains the circumstances of the crime. *Sholl*, 453 Mich at 742. Therefore, the evidence regarding the marijuana residue is admissible. *Id*. Having determined that the marijuana residue that appeared inside the house is part of the res gestae of the offense, the prosecutor did not commit misconduct when it elicited from defendant and Nelson how the marijuana residue came to be in the home because it provided the jury a "complete explanation of the circumstances."[1] *Id*. The prosecutor elicited the information so that he was "able to give the jury an intelligible presentation of the full context in which the disputed events took place." *Id*. Accordingly, no prosecutorial misconduct occurred when the prosecutor elicited testimony from Officer Darkins, defendant, and Nelson that marijuana residue was inside the house.

Defendant also contends that the prosecutor committed misconduct by eliciting testimony regarding the marijuana residue found inside the home because the evidence of the marijuana residue is inadmissible pursuant to MRE 404(b) and the prosecutor failed to comply with the notice requirements set forth in MRE 404(b)(2). However, the Michigan Supreme Court has held that MRE 404(b) does not preclude the admission of evidence when it is part of the res gestae of the offense. *Id*. Furthermore, because the prosecution offered the evidence as part of the res gestae of the offense, and not as other acts evidence, the prosecution was not required to provide the notice described in MRE 404(b)(2). See *People v Malone*, 287 Mich App 648, 662; 792 NW2d 7 (2010) (holding that the prosecution is not required to comply with the notice requirements in MRE 404(b)(2) when the prosecution offers evidence as part of the res gestae of the offense). Therefore, the prosecutor did not commit misconduct when eliciting testimony regarding the marijuana residue.

Defendant also alleges many instances of prosecutorial misconduct during the prosecution's closing argument. Prosecutorial comments must be read as a whole and evaluated in the light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). A prosecutor may not make a statement of fact to the jury that is unsupported by the evidence, but is free to argue the evidence and all reasonable inferences arising from it as they relate to the theory of the case. *People v*

---

[1] The prosecutor elicited testimony from defendant that the marijuana residue could have been from smoking marijuana on April 9, 2011. The prosecutor also elicited testimony from Nelson that she smoked marijuana.

*Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). The prosecutor need not state the inferences in the blandest possible terms. *Dobek*, 274 Mich App at 66.

Defendant's first contention of prosecutorial misconduct involves the prosecutor's comments during closing argument that defendant was a drug dealer and that defendant engaged in drug deals and drug sales. During his closing argument, the prosecutor stated the following:

> Now, Officer Geelhood says that he saw him doing the deals. Now, either Officer Geelhood is completely lying that he went and swore before the judge that he saw the three deals and he didn't see him, or the defendant is not telling the truth. If Officer Geelhood wanted to lie, I'm sure he would have came up with a better explanation or a better lie than the three people and not being able to actually see what was in the hand, I'm sure he could have come up with something better than that. But the truth is the truth.

> What did he see? He saw what he believed to be three transactions. The defendant said, well, I wasn't even there, I was at Motor City, I was not there. So, who is doing the deal on the front porch? There's no other drug dealer that lives somewhere else that's doing drug deals at that house.

> * * *

> Third, the defendant knew that he was in possession of cocaine. He knew that he was in possession of cocaine the day before and he hid the cocaine so that one else could find or discover the cocaine.

> * * *

> Now, when you take everything into consideration and you look at the totality of this case, you've got a person that is selling drugs the day before, you've got officers coming into the location and finding drugs on his property, you can only conclude that the defendant is the only male living at that house, had to have been the one the officer saw conducting drug sales, and therefore, was the one that was also in possession of the cocaine that was in the home.

> * * *

> When you ask, in this case, you ask the question, did the defendant have dominion and control over the substance found at the location? Yes, he did because he was the seller of the drug house, the dog was there protecting the drug house, the defendant was there and the drugs were located in a place close to the windows where he could keep an eye on the drugs.

> And in this case, the defendant had control of the drugs there, he is the person there doing the drug sales and he is the owner of the house.

The prosecutor's comments do not amount to prosecutorial misconduct as the prosecutor was arguing facts that were presented at trial. Officer Geelhood testified that while he was

conducting surveillance on April 10, 2011, he saw defendant engage in three drug transactions where defendant exchanged suspected cocaine for money. Further, $400 was confiscated from defendant and 337.91 grams of cocaine were found outside defendant's house. Thus, the prosecutor's comments that defendant was a drug dealer and that he conducted drug sales or drug deals were supported by the evidence presented at trial. No prosecutorial misconduct occurred as a prosecutor is free to argue the evidence presented at trial. *Unger*, 278 Mich App at 66.

Defendant also contends that the prosecutor committed misconduct during his closing argument when the prosecutor commented that defendant maintained a "drug house." Again, the prosecutor was merely arguing the evidence presented at trial as Officer Geelhood testified that he saw defendant selling cocaine out of his house. The prosecution's comment was further supported by the fact that approximately 337 grams of cocaine was found outside defendant's house, marijuana residue was found inside the house and $400 was confiscated from defendant. The prosecutor was arguing the evidence and the reasonable inferences arising from it. Therefore, no prosecutorial misconduct occurred.

Defendant also contends that the prosecutor misstated the fact that drugs were found in the house. However, evidence was presented that Qwik signaled at least three times of a narcotics odor and that marijuana residue was inside the house. The prosecutor's comment that drugs were found in the house is supported by the evidence admitted at trial. No misconduct occurred in this regard.

Defendant also asserts that the prosecutor stated facts not in evidence when he stated:

> Now, the mom, which is why this case is so sad because they actually have the [sic] turned the mother's house into a drug house. There were people coming to that house, people buying drugs at that house, drugs being smoked in that house and there's drugs that have been stored at that house, a large amount of drugs had been stored in that house. But the dog went outside of the home and he found, next to the back basement in the back of the house up against the side of the wall, one of the walls of the house, he saw a cement block.

Defendant's contention is without merit as evidence was presented that defendant's mother lived with defendant in the house, three people went to the house and bought drugs, marijuana residue was found in the house, and approximately 337 grams of cocaine were stored in a cinder block outside the house. Accordingly, the prosecutor's comments were supported by the evidence and the prosecutor did not commit prosecutorial error as he was arguing the evidence presented at trial.

Defendant also contends that the prosecutor requested the jury to make an impermissible inference and find defendant guilty of possession with the intent to deliver cocaine because marijuana residue was found in the house. The prosecutor stated the following during closing argument:

> Now, Officer Geelhood testified that he saw the defendant, that he went and he executed - - went and got a search warrant, they went and they executed the search warrant. When they went inside of the home, they found - - well, what

was marijuana residue inside of the home. But the dog went outside of the home and he found, next to the back basement in the back of the house up against the side of the wall, one of the walls of the house, he saw a cement block. Now, the cement block was covering these drugs.

Despite defendant's contention, the prosecutor was merely reciting the evidence that was presented at trial. The prosecutor did not request the jury to make an impermissible inference. As such, no prosecutorial misconduct occurred.

To the extent any error occurred during the prosecutor's closing argument, defendant cannot establish prejudice. The trial court instructed the jury that the parties' arguments are not evidence and that the case must be decided on the evidence that was presented. Because the trial court instructed the jury that the parties' arguments are not evidence, defendant cannot establish that he was prejudiced as jurors are presumed to follow their instruction. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

Lastly, defendant asserts that he was denied the effective assistance of counsel resulting from counsel's failure to object to Officer Darkins's testimony and for failing to object to the alleged instances of prosecutorial misconduct. We disagree.

When a defendant does not move for a *Ginther*[2] hearing or a new trial in the trial court on the basis of ineffective assistance of counsel, appellate review is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001). Defendant did not move for a *Ginther* hearing or a new trial in the trial court on the basis of ineffective assistance of counsel. Therefore, appellate review of this issue is limited to mistakes apparent on the record. *Id.* Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A trial court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Trakhtenberg*, 493 Mich at 51. To establish ineffective assistance of counsel, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id.* at 81. Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012), citing *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). Counsel is not required to raise meritless or futile objections. *Eisen*, 296 Mich App at 329, citing *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant contends that counsel was ineffective for failing to object to Officer Geelhood's testimony that an unidentified person told him that drugs were being sold out of the house on Ashton. As discussed previously, Officer Geelhood's testimony did not violate the Confrontation Clause; thus, any objection would have been meritless. Because counsel is not required to make meritless objections, *Eisen*, 296 Mich App at 329, citing *Moorer*, 262 Mich App at 64, counsel's performance did not fall below an objective standard of reasonableness in this regard.

Defendant also asserts that counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct. As discussed previously, no prosecutorial misconduct occurred and any objection would have been meritless. Because ineffective assistance of counsel cannot be predicated on counsel's failure to make a meritless objection, *Eisen*, 296 Mich App at 329, citing *Moorer*, 262 Mich App at 64, defendant was not denied the effective assistance of counsel in this regard.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter